## PAULAUSKIS' CASE.

### Oxford. Opinion January 24, 1927.

*The findings of the Industrial Accident Commission on questions of fact are final if supported by some evidence, or based upon rational inferences drawn from proven facts, but such findings when based upon mere conjecture, surmise or probability, are erroneous.*

From the agreed statement of facts in the case at bar there is no evidence from which the Commissioner was warranted in finding that Congress Street was other than a public way; the accident having occurred upon a public way, when the employee was prosecuting no duty incumbent upon him by reason of his employment, is not compensable because not arising out of his employment, and not occurring in the course of his employment.

On appeal from an affirming decree awarding compensation under the Workmen's Compensation Act. A petition of Amiele Paulauskis as dependent widow of Antanas Paulauskis who was killed on January 12, 1925, by being hit by a railroad train at a crossing on a public street in Rumford while on his way to his work for the Oxford Paper Company. Upon an agreed statement of facts compensation was awarded and an appeal taken. Appeal sustained. Decree reversed.

The case is sufficiently stated in the opinion.

*Peter M. MacDonald,* for petitioner.

*Clement F. Robinson and Forrest E. Richardson,* for respondents.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BARNES, PATTAN-GALL, JJ.

BARNES, J. This is an appeal by the employer from a decree sustaining and affirming the finding of the associate legal member of the Industrial Accident Commission, hereafter called the Commissioner, awarding compensation.

Petition was filed by the widow of Antanas Paulauskis, as his dependant. Upon hearing the Commissioner was furnished with a

statement of the facts upon which he was to decide the right of the petitioner to compensation.

Where evidence is presented, "it is settled law that the burden is upon the petitioner to prove that the injury for which he seeks compensation was by accident not only arising 'out of' but also occurring 'in the course of' his employment. It is equally well settled that the finding at the trial of facts of these essential elements must be based upon some competent evidence, otherwise the finding is an error of law."

*Johnson* v. *Highway Commission*, 125 Me., 443. But this case was not tried upon evidence produced before the commission: the facts of the elements essential to a decision were agreed upon by counsel for petitioner and employer.

From the statement of facts agreed upon and from the record in the case we learn that about the hour of 5–30 in the afternoon of Jan. 12, 1925, the employee, proceeding along a public way in the village of Rumford to his place of employmet, and approximately thirty minutes before his employment was to begin, at a point about 125 feet distant from the door of the mill of his employment was hit by an engine or car of a railroad company, upon its crossing of the public way, and killed.

It is common knowledge that Congress Street in the village of Rumford is one of the principal public ways of that town.

On a blue print submitted with the record of this case that portion of Congress Street which terminates at the door of the mill where the deceased workman was to have been employed on the day of his injury, is designated "Congress Street Extension," but the fact, as agreed, is that the workman was killed while "Walking to the place of employment on Congress Street," and that "Congress Street is a public highway laid out and accepted by the Town of Rumford in March, 1913."

Remarking upon the fact that this portion of Congress Street was fenced on either margin; that its major use was by employees of the respondent company, and that it was "not conceivably in any general use," the Commissioner classes it as "a publicly maintained private way"; finds that the workman, when the accident occurred, "was within the zone, environment and hazards of the scene of his labors", and rules that compensation is due.

But the conclusion that Congress Street is less or other than a public way is not sustained.

"The Industrial Accident Commission while primarily an administrative body exercises certain judicial functions. In the exercise of these functions it acts judicially. While it determines finally the trustworthiness and weight of testimony its findings must be based on evidence. This would be true even if there were no express statutory mandate. Moreover the statute requires that the merits of the controversy be decided "from the evidence thus furnished", R. S., Chap. 50, Sec. 34, now Chap. 238, Sec. 34, P. L. 1919. Gauthier's case, 120 Me., 73.

When the facts attendant upon the accident are assembled and stated, inferences, as distinguished from mere conjecture, surmise or probability, may be drawn by the Commissioner; but a finding by him cannot stand unless the facts thus found are such as to entitle him reasonably to infer his conclusion from them.

From the facts agreed upon there is no evidence from which the Commissioner was warranted in finding that Congress Street was other than a public way, and, this accident occurring therein, the question for settlement is, did it arise out of and in the course of the workman's employment?

From the reasoning of decisions of unquestioned standing it may be deduced that the words "out of" refer to the origin, or cause of the accident, and the words "in the course of" to the time, place and circumstances under which it occurred, and we hold that an accident occurring upon a public way, when the employee is prosecuting no duty incumbent upon him by reason of his employment, is not compensable because not arising out of his employment, and not occurring in the course of his employment. For decisions from other jurisdictions holding as above see *Reed* v. *Bliss* et. al., 225 Mich., 164 (1923) and cases cited therein and appended thereto, and decisions of this Court, Westman's Case, 118 Me., 133, Mailman's Case, 118 Me., 180, Fogg's Case, 125 Me., 168 and *Johnson* v. *Highway Commission*, 125 Me., 443.

It is incorporated in the agreed statement of facts that petitioner is an alien residing in a foreign country. But, no argument having been made upon the point it must be deemed to have been waived.

The mandate will accordingly be

*Appeal sustained.*
*Decree reversed.*