JOHN D. WHEELER'S CASE

Somerset.        Opinion, March 8, 1932.

*Arthur L. Thayer,* for appellant.
*Nathaniel W. Wilson,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J.   This is a Workmen's Compensation case and is before this court on an appeal by the petitioner from a decree denying him compensation.

The employer, the Central Maine Power Co., at the time of the accident in question operated a certain real estate development located near the dam which it was building at Bingham. This property, known as Daggettville, together with several other parcels adjoining it, had been planned by the defendant to provide housing for the large number of men working on the dam. It comprised a number of acres, was laid out in lots, was traversed by streets, and contained more than a hundred houses in which the workmen and their families lived. The dwellings had in the main been built by the employees under an arrangement by which the employer financed the cost, and was repaid by the employee, who at the termination of the work could sell or remove the house. The employer had charge of the sanitation and of the policing of the district and was responsible for the maintenance and repair of the streets; the employee had control of his house and of the use of the lot. There was no requirement that the workmen should live within this particular place or in fact in any other, but the project was carried out because it was recognized that local facilities were inadequate to take care of the large influx of laborers who would have to live in proximity to the work.

The petitioner, whose work was to drive a tractor, roomed outside of the settlement across the main highway leading northward from Bingham, but took his meals with a Mr. Nutter who had a house on lot 48 within the area. It was the duty of the petitioner before starting work in the morning to report at the office building, which was approximately three-quarters of a mile from the Nutter house. The streets within the settlement connected with a way leading to the scene of the work. This way, like the streets, was a

private one controlled and maintained by the company. The petitioner on the morning of the accident left the place where he roomed, and proceeded to the house of Mr. Nutter for his breakfast. Having finished this, he left the house to start for his work, slipped on some ice in the street in front of lot 48, and fell. The result was a broken leg for which he seeks compensation.

The only question before this court is whether the accident arose out of and in the course of his employment. If it did, he is entitled to recover, otherwise not. The petitioner contends that he was on a way maintained by the company for the exclusive use of its employees, and was proceeding over it to his work, and that the case is governed by *Roberts' Case*, 124 Me., 129, where compensation was granted to the dependent of an employee killed while leaving his employer's premises on a private way which connected with the public street. The respondent claims that the petitioner had not reached the place where his work was to be performed, that though he was on a way controlled by the employer, it was not built and maintained to provide access to the place of the work, but for the benefit of those who might choose to live in the settlement known.as Daggettville, and that accordingly the decision is to be governed by those cases which deny compensation for injuries to employees suffered on a public highway while on their way to or from work.

An accident to be compensable must arise "out of" and "in the course of" the employment. Rev. Stat. 1930, Ch. 55, Sec. 8. These phrases have been many times defined by this court. To arise out of the employment an injury must have been due to a risk of the employment, to occur in the course of the employment it must have been received while the employee was carrying on the work which he was called upon to perform. *Westman's Case*, 118 Me., 133; *Mailman's Case*, 118 Me., 172; *Gooch's Case*, 128 Me., 86; *McNicol's Case*, 215 Mass., 497.

An accident may occur in the course of the employment and still not arise out of it, *Gooch's Case, supra*; but an accident can not arise out of the employment, if it does not take place in the course of it. *Fournier's Case*, 120 Me., 236. If, therefore, an accident does not arise in the course of the employment, neither statutory requirement is present.

We agree with the findings of the commissioner who heard this

case that this accident did not arise in the course of the employment. It is the general rule that an injury suffered while an employee is on his way to work, and before he reaches the premises where the work is to be performed, is not received in the course of his employment: *Paulauskis' Case*, 126 Me., 32; *Ferreri's Case*, 126 Me., 381. At just what particular moment the employment may be said to commence, as contemplated by the statute, is oftentimes difficult to determine. It is, however, established that an injury suffered by an employee on his way to or from work, while entering or leaving the premises of his employer on a way maintained by the employer to provide ingress to or egress from the premises, or which the employer has a right to use for such purpose, is received in the course of the employment and if arising out of the employment, is compensable. *Roberts' Case, supra.*

We agree with the finding of the commissioner that the facts of this case do not bring it within the rule laid down in *Roberts' Case.* The test is not so much whether the employer owns or controls the place where the injury occurs, but rather whether it happens within the premises or on the approaches to the premises, where the work is to be performed. Thus it has been held that an employee could not recover compensation for injuries received while parking his car on the property of his employer, which was not a part of the premises where his employment called him. *Savage's Case*, 257 Mass., 30.

In the case before us the important consideration is not that the Central Maine Power Co. had control of the street on which the petitioner fell, but rather we must determine the purpose for which that way was maintained. It seems obvious that the ways in Daggettville were built for the convenience of those who desired to live there, and were not simply the approaches to the place of work. Under such circumstances an injury suffered there is to be treated as if received under similar circumstances on a public street.

Where the injury occurs as here, and in an area devoted by the employer to the housing of employees, in which they are privileged but not required to live, it does not arise in the course of the employment as those words are used in the statute.

*Appeal dismissed.*
*Decree affirmed.*