DINSMORE'S CASE

Sagadahoc.  Opinion, November 12, 1948.

*Arthur F. Tiffin,*
*Berman, Berman and Wernick,* for employee.

*John P. Carey,*
*William B. Mahoney,* for employer.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

MURCHIE, J.  The decision of the Industrial Accident Commission, underlying the decree of the Superior Court to which the present appeal relates, serves to emphasize the proper tendency of those charged with the duty of administering The Workmen's Compensation Act, R. S. 1944, Chap. 26, as amended, referred to hereafter as the "Act," to carry

the protection of employees coming within its provisions to the permissible limits of the controls established by it. Those controls, construed by this court in so many decisions that there is no point in citing any of them, restricted compensation under the Act, prior to the enactment of P. L. 1945, Chap. 338 (The Occupational Disease Law), to accidental injuries "arising out of and in the course of" employment. R. S. 1944, Chap. 26, Sec. 8. The Occupational Disease Law does not change the controls applicable to accidental injuries. The tendency noted is in accord with the Act. Liberal construction, to carry out its general purpose, is its express mandate. R. S. 1944, Chap. 26, Sec. 30. That purpose, as declared in *Harry Scott's Case*, 117 Me. 436, 104 A. 794, 797, is:

> "to transfer the burdens resulting from industrial accidents, * * * from the individual to the industry, and finally distribute it upon society as a whole * * *."

The decision of the commission recognizes as "generally accepted" the principles that injuries received in a public street "are not received in the course of the employment" and that such course covers a time interval longer than that between the beginning and the end of an employee's "actual work." This court accepted those principles in *Roberts' Case*, 124 Me. 129, 126 A. 573, where a compensation award, applicable to an injury suffered by an employee after leaving his employer's plant and while traveling over a private way, the use of which for his employee's ingress and egress to and from work had been granted the employer, was sustained.

The first of these principles is said by Schneider, in his Workmen's Compensation Law, to be supported by the weight of authority. Second Edition, Page 818, Par. 272. A note defines certain exceptions as they were stated by this court in *Rawson's Case*, 126 Me. 563; 140 A. 365. Both recitals of the exceptions are taken from *Whitney* v. *Hazard Lead Works et al.*, 105 Conn. 512; 136 A. 105; where it is

made plain, as in *Rawson's Case, supra,* that the four particular exceptions set forth are not exclusive of the possibility of others. Express recitals are that the general principle "is subject to many exceptions, 'based on the terms of the contract of employment,' " four only being defined.

The petition for compensation and the commission decision involve both the place and the time principles stated by Schneider and in *Rawson's Case, supra.* The employee alleges that the accident occurred when he had "just finished work * * * and was crossing the parking lot" (hereafter identified), and that he was injured "while on said parking lot." The decision carries express finding that the accident occurred at a point "clearly within the public way known as Water Street." Despite that finding, and clear recognition that no recovery under the Act has been permitted heretofore for injuries suffered in a public street except on the basis of one of the exceptions defined in *Rawson's Case, supra,* compensation is awarded under an additional exception. The issue is whether the facts justify the recognition of it as "based on the terms of the contract of employment."

The commission decision fortifies its award by the citation of cases from Alabama, California, Massachusetts, Ohio, Pennsylvania and Wisconsin. The brief submitted on behalf of the employee defends it by the citation of the same or different cases from some of those states and others from Connecticut, Louisiana, Utah and West Virginia. Both quote Honnold's Workmen's Compensation in defining the scope of the additional exception as applicable to injuries suffered by an employee:

> "on the premises of another than his employer, or in a public place, and yet * so close to the scene of his labors, within its zone, environments, and hazards, as to be, in effect, at the place and under the protection of the act."

The brief quotes an excerpt of somewhat similar import (but without reference to public places) from 71 C. J. 716, Par. 445:

> "As an exception to the general rule that injuries sustained by an employee while going to or from work are not ordinarily compensable, injuries which occur to an employee while going to or from his work and after he has come upon the employer's premises or at a place so close thereto as to be considered a part thereof, or before leaving such premises or place, as the case may be, are held to be compensable."

A foot-note cites cases from nineteen jurisdictions, including eight of the ten on which the commission and employee's counsel rely. An annotation in 85 A. L. R., Pages 97-100, cited in the decision and the brief, analyzes the Alabama, Ohio and Wisconsin cases cited in the decision and the Pennsylvania case cited in the brief. The omission of both the decision and the brief to refer to many decisions cited in the *Corpus Juris* note from jurisdictions not relied on by the decision or the brief appears to indicate, as we believe the fact to be, that they do not go beyond the exceptions to the public street rule stated in *Rawson's Case, supra.* We confine ourselves therefore to the cases on which reliance is placed.

The California case cited in the decision and that from Louisiana cited in the brief fall within the exceptions recognized in *Rawson's Case, supra.* The injured employee in *Globe Indemnity Co.* v. *Industrial Accident Commission,* 36 Cal. App. 280, 171 P. 1088, suffered the injuries for which compensation was awarded on a public highway while he was doing something incidental to his employment. His job required him to write and mail a letter, and mailing it involved crossing a street. He was injured while crossing the street. In *Le Blanc* v. *Ohio Oil Co.,* 7 La. App. 721, the employee was injured while on his way to work in front of his employer's premises on a street which bisected them.

The Connecticut, Ohio, Utah and Wisconsin cases relate to injuries suffered by employees off the premises of their employers but in places where they were required or per-

mitted to be in going to and from their work. They are comparable with *Roberts' Case, supra.* In *Corvi et al.* v. *Stiles & Reynolds Brick Co. et al.,* 103 Conn. 449; 130 A. 674, cited in the employee's brief, the place of the accident was on a railroad track where a path to the employer's plant crossed it. In *Industrial Commission* v. *Barber,* 117 Ohio St. 373; 159 N. E. 363, cited in the decision, it was at the end of a dead-end street maintained by the employer, extending from its plant to an intersecting street and leading nowhere from that street except to the plant. *Bountiful Brick Co. et al.* v. *Industrial Commission et al.,* 68 Utah, 600; 251 P. 555, affirmed in *Same* v. *Giles et al.,* 276 U. S. 154; 72 L. Ed. 507; 48 S. Ct. 221; 66 A. L. R. 1402, cited in the brief, presents another case of injury on a railroad track. *Northwestern Fuel Co.* v. *Industrial Commission,* 197 Wis. 48; 221 N. W. 396, cited in the decision, presents another injury on a highway maintained by the employer. In the particular case the highway was so tied into the employer's premises as to be used as part or parcel thereof.

From Pennsylvania the decision cites *Meucci* v. *Gallatin Coal Co.,* 279 Pa. 184; 123 A. 766; the brief cites *Wiles* v. *American Oil Co. et al.,* 105 Pa. Super 282; 161 A. 467; and a supplemental brief of the employee cites *Ganassi* v. *Pittsburgh Coal Co.,* 162 Pa. Super. 289; 57 A. (2nd) 717. The *Meucci* case relates to an injury suffered within the limits of a public highway comparable with that involved in *Northwestern Fuel Co.* v. *Industrial Commission, supra,* but with additional facts which distinguish it even more clearly from the present case. The injuries of the employee were suffered during his working hours, when he left a mine shaft to await the disappearance of smoke within caused by blasting and was called to the spot where he was injured by his foreman. The *Wiles'* case denies compensation for injuries suffered on a sidewalk in front of the premises of his employer. The employee was on his way to work. The court declared that while he had "stepped upon the sidewalk, he had not arrived on the premises occupied

or controlled by his employer." An excerpt quoted in the brief concludes with the recital:

"there was no evidence that the sidewalk was occupied by the employer in the conduct of its business."

That recital portrays the situation with which we deal with entire accuracy. If it could be considered that the employer in this case was using a part of the street in question in the conduct of its business by utilizing the side opposite the plant where its employees worked for parking buses to carry some of its employees home (and there is no evidence in the record to indicate that the transportation of those employees was a part of their contracts of employment), there can be no basis for assertion that it was using the street as a whole in that manner. The side adjoining the employer's plant and the middle of the highway constituted a thoroughfare for public use passing to and by the employer's plant. The *Ganassi* case represents what must be the latest word of the Pennsylvania court on the particular question. The place of the injury was a road crossing of a railroad siding adjacent to the employer's property. At the time of the injury the crossing was blocked by standing cars. Several fellow employees of the injured employee crossed between them. In attempting to do likewise the injured employee slipped on the icy surface of the crossing and the car moved before he could extricate his foot. Recovery of compensation was permitted under a statutory definition of the phrase "injury by an accident in the course of * employment." The definition enlarges the coverage the phrase carries in the usual signification of the words. We have no such definition in our Act.

A Massachusetts case is cited in both the decision and the brief. *John Rogers' Case,* 318 Mass. 308; 61 N. E. (2nd) 341; 159 A. L. R. 1394. It presents the unusual situation of an employer furnishing a parking place for his employees' automobiles located where the employees using it were required to travel a short distance on a public high-

way in going to work after parking and returning to their automobiles after work. No injury in a public highway is presented by the case. The injury was suffered in the parking place before the employee reached the street to travel along it and enter the premises where his actual work would be performed. He was, as the court notes, "actually on his employer's premises and on his way to * * * work."

The Alabama case cited in the decision and the brief, *Barnett v. Britling Cafeteria Co.*, 225 Ala. 462; 143 So. 813; 85 A. L. R. 85, allows compensation for an injury suffered on the sidewalk in a public street. This is the only case cited in either the decision or the brief where an employee was allowed compensation for an injury in a public highway not maintained by his employer or used as a part of the employer's premises. The place of the accident was immediately in front of the place of work. The direct cause was ice formed from water used in washing the windows of the building in which the employee worked. An award was sustained by four justices in a court of seven. There was an opinion in which four joined, one of them filing a concurring opinion, and a dissenting opinion in which three joined. In the dissenting opinion the Ohio, Pennsylvania and Wisconsin cases cited in the present commission decision were reviewed. An Ohio statute is quoted showing a broader coverage for industrial accidents than that of Pennsylvania on which *Ganassi v. Pittsburgh Coal Co., supra*, turned. Words of the statute quoted and emphasized indicate that the place coverage includes *"wheresoever such injury has"* occurred.

One of the best statements of the condition of the authorities generally on the issue presented in the present case was made in a West Virginia case cited in the employee's brief, *Canoy v. State Compensation Commission*, 113 W. Va. 914; 170 S. E. 184, 185:

> "Courts have differed widely in their decisions involving compensability for accidents occurring not on the premises of the employer, while the employee was going to or from work. Careful read-

ing of the whole unbalanced gamut of decided
cases, from the early English compensation cases
to those of the various states of the union, results
in the formulation of only one general rule, and
that not helpful, to the effect that each case of this
nature must be dealt with and decided on its own
facts and circumstances."

Without attempting to cover the entire gamut we accept
that statement as correct on the basis of a considerable
segment of it. We deal with the present case on its par-
ticular facts and circumstances.

The present employee was injured after he had finished
his day's work in his employer's plant and left that plant to
enter a street which was not maintained by the employer
or used in the conduct of its business except in such man-
ner as it was used by the public generally. The plant was
located on the easterly side of the street. On the westerly
side opposite, extending to another street lying westerly
of it and running approximately parallel with it, the em-
ployer provided a parking lot for office employees but not
for employees generally. The injured employee had no
right to use it for parking purposes but was free to cross
and recross it in going to and from work, as were a great
many fellow employees. The injured employee rode many
miles to and from work in an automobile which was parked
in a lot on the westerly side of the street lying next westerly.
The employer had no connection with that parking lot or
with the automobile in which the employee traveled. When
the employee left the plant and entered the street his natural
course, the one he had followed without change during the
full term of his employment, was to cross that street, the
office employees' parking lot and the parallel street to the
private parking lot. At the time a line of buses was drawn
up opposite the plant to carry employees over a wide area.
The employee attempted to pass between two of them, stand-
ing about two feet apart, following other employees. He
was caught between the rear end of one and the bumper
of the other when the latter moved forward. He had al-

ways gone, as he testified, directly to the automobile which would carry him home, and intended to do so, but he was undoubtedly a free agent when he entered the street. According to his own whim of the moment he might have moved north or south on the street instead of west to cross it. He might have gone to any home or place of business in the vicinity. Whatever he did would have been of no concern to his employer and could have no connection with his contract of employment. In crossing the street or traveling northerly or southerly on it he would suffer the same risks, and no more, that were confronting each and every traveler thereon at the time.

The language of Justice Spear in *White* v. *Eastern Manufacturing Co. et al.*, 120 Me. 62; 112 A. 841, 843; 16 A. L. R. 1165, seems very pertinent:

"The employer has rights as well as the employed. Their rights stand upon an equality in the eye of the law. Perversion of the law, either to benefit the employee or protect the employer, has the tendency only to bring the law into contempt. This Compensation Act, * should be administered with great care and caution, with judicial discretion and impartial purpose, striving only to discover the spirit and the letter of the law, and to apply them without fear or favor."

We are not construing the language of the Act for the first time. The adherence of this court to the principle supported by the weight of authority that accidents occurring on the public highway when an employee is going to work or returning therefrom are not compensable under the Act was announced many years ago. In the interval many amendments of the Act have been adopted by the legislative branch of government, which alone has power to enlarge its coverage. An outstanding example of enlarged coverage is found in The Occupational Disease Law enacted in 1945 and already cited. Until the Legislature acts the court should not enlarge its coverage by changing the established

connotation of the phrase "injury by accident arising out of and in the course of * employment." R. S. 1944, Chap. 26, Sec. 8.

*Appeal sustained.*

Thaxter, J., does not concur.