INLAND MANUFACTURING DIVISION, GENERAL MOTORS CORP., APPELLANT, v. LAWSON ET AL., APPELLEES.

(No. 3213—Decided November 6, 1967.)

*Messrs. Smith & Schnacke,* for appellant.
*Messrs. Gallon & Miller,* for appellee Emma L. Lawson.
*Mr. William B. Saxbe,* attorney general, for appellee Elmer A. Keller, Administrator, Bureau of Workmen's Compensation.

KERNS, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County allowing the defendant-appellee Emma L. Lawson to participate in the State Insurance Fund.

She was employed by Inland Manufacturing Division,

General Motors Corporation, plaintiff, appellant herein, as a cutting-table worker with a fixed situs of employment in Inland's plant in Dayton, Ohio, and worked the second shift which began at 3 p. m. and ended at 11 p. m.

Mrs. Lawson, as well as other workers on the second shift, was given a lunch break which began at 6:45 p. m. and ended at 7:20 p. m.

Although employees did not "clock in" or "clock out" for the lunch break, they were not paid for thirty minutes of the time away from their actual work.

A cafeteria was located on the employer's premises for the exclusive benefit of the employees and was operated by one Prophet Company, a catering service, pursuant to a contract between Inland and Prophet. Without setting forth the provisions of this contract in its entirety, suffice it to say that Inland retained substantial control over the maintenance and operation of the cafeteria.

Inland did not furnish meals to the employees, and the employees were not required to eat in the cafeteria. During the break, employees could leave the plant or not as they chose. They were free to eat at other restraurant facilities within driving distance of the plant, but there were no such facilities within walking distance. At the time appellee was hired at Inland in August 1962, her boss or foreman told her that if she brought her lunch, the company preferred that she go to the cafeteria in order to eat, and certain signs posted throughout the plant advised the employees who might bring or buy their lunch not to eat in their work areas, in the restrooms, or on the steps.

On December 13, 1962, the appellee took her lunch break in the cafeteria. At approximately 7:10 p. m., as she was leaving after having eaten, she stepped on a piece of peach and slipped causing her to fall and sustain the injuries complained of herein.

The parties have stipulated that Mrs. Lawson received an injury when she fell. Hence, the sole issue presented herein is whether she suffered that injury "in the course of, and arising out of," her employment. Section 4123.01 (C), Revised Code.

The parade of cases which has dealt with problems akin to the one here presented is seemingly endless, and this factor alone tends to show that each such case is largely dependent upon its own particular refinements and circumstances.

However, some guiding principles have emerged from these cases.

"The test of right to award from the insurance fund under the Workmen's Compensation Law, for injury in the course of employment, is not whether there was any fault or neglect on the part of the employer, or his employees, but whether the employment had some causal connection with the injury, either through its activities, its conditions or its environments." *Industrial Commission* v. *Weigandt*, 102 Ohio St. 1; *Industrial Commission* v. *Bankes*, 127 Ohio St. 517. See *Huston* v. *Industrial Commission*, 87 Ohio App. 33.

"To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer. It is sufficient if he is injured in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment." *Sebek* v. *Cleveland Graphite Bronze Co.*, 148 Ohio St. 693. See *Parrott* v. *Industrial Commission*, 145 Ohio St. 66.

"An injury sustained by an employee, after reaching the zone of his employment under the control of his employer, even though outside the enclosure constituting his place of work, is compensable." *Industrial Commission* v. *Baker*, 127 Ohio St. 345.

"Where a workman does such things as are usually and reasonably incidental to the work of the employer, including the taking of refreshment, rest and smoke, which are not forbidden by the employer, and in so doing is injured, it cannot be said as a matter of law that the injury was received outside the course of his employment." *Taylor* v. *Industrial Commission*, 13 Ohio App. 262.

An employee's zone of employment includes his "place of employment and the area thereabout, as well as

the means of ingress thereto and egress therefrom, under control of the employer." *Merz* v. *Industrial Commission*, 134 Ohio St. 36.

In the present case, the employee was on the employer's premises and clearly within her zone or sphere of employment. It was dark outside, and there were no other restaurants within reasonable walking distance of the plant.

The employer was required by law to make a lunch room available to the employee because of the limited time allotted for the lunch break, and, necessarily, the cafeteria was incidental to and a condition of employment, because without the cafeteria the employee was entitled to not less than one hour for meal time. Section 4107.42, Revised Code.

But aside from these observations, it is significant perhaps that the employee was returning to her work area when the accident occurred. This being so, her relative position is not wholly unlike that of the employee in the case of *Kasari* v. *Industrial Commission*, 125 Ohio St. 410, where the syllabus provides:

"1. An employee, entering the premises of his employer to begin the discharge of the duties of his employment but who has not yet reached the place where his service is to be rendered, is discharging a duty to his employer which is a necessary incident to his day's work."

To the same effect, see *Industral Commission* v. *Henry*, 124 Ohio St. 616; *Industrial Commission* v. *Barber*, 117 Ohio St. 373; *Barrett Div.* v. *Owens*, 110 Ohio App. 316.

If Mrs. Lawson had slipped as the result of unnatural causes on the employer's parking lot while returning from lunch, she would undoubtedly be within the scope of the pronouncement in the *Kasari case*. Why then should she be denied protection because the accident occurred in the employer's cafeteria?

In the case of *Krovosucky* v. *Industrial Commission*, 74 Ohio App. 86, the syllabus provides:

"Where an employee, while going to his place of employment to begin the discharge of his duties, parked his automobile *on grounds* separated from the entrance to the

place of employment by a highway and railroad but *owned by the employer who permitted, but exercised no control over, such parking,* and was injured by tripping over an icy rut in such grounds, when getting out of his car, he was within the zone of employment at the time of the injury and such injury occurred in the course of and arose out of his employment." (Emphasis ours.)

The salient and controlling facts of the present case find Mrs. Lawson on much firmer ground than was the employee in the *Krovosucky case,* and the holding in that case was expressly approved by the Supreme Court of Ohio in the comparatively recent case of *Marlow* v. *Goodyear Tire & Rubber Co.,* 10 Ohio St. 2d 18.

After examining the comprehensive briefs of the parties to this action and the authorities cited therein, we are of the opinion that the judgment of the trial court is neither against the weight of the evidence nor contrary to law.

Accordingly, the judgment will be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.