MARGARET M. WARE'S CASE.   April 28, 1972.   The employee's claim for workmen's compensation was denied by a single member and by the reviewing board of the Industrial Accident Board.   The case is here on her appeal from a decree of the Superior Court dismissing her claim.   The parties agreed on the facts which we summarize.   The employee worked in one of many retail stores located in a large shopping center.   Her employer's lease gave it the right to exclusive occupancy of its store, plus rights in common with the lessor and the lessees of all other stores in the center to the parking lots, access roads and sidewalks within the shopping center for use by it and "its concessionaires, officers, employees, agents, customers and invitees."   The lessors were obligated to maintain these common areas. The employee's hours of work were from 9:30 A.M. to 5:45 P.M. each day, with forty-five minutes for lunch.   She was required to punch a time clock at the beginning and end of each day and also when leaving for and returning from lunch.   She was at liberty to have her lunch wherever she pleased.   On January 8, 1968, she punched out to go to lunch.   She went to one of about five places in the shopping center, which served food, and had lunch.   She then went to a supermarket, also located in the shopping center, to purchase orange juice to be consumed in her afternoon break.   She started to walk toward her employer's store, using a common sidewalk running along the perimeter of a number of stores in the center.   When she was several stores away from that of her employer, she accidentally fell and was injured.   The sole defence relied on by the insurer is that "the accident, incident and/or injury did not arise out of and in the course of the employment."   The single member concluded that "the claimant in this case did not sustain a personal injury arising out of and in the course of her employment for this employer."   The reviewing board affirmed and adopted that decision.   The question

is whether the claimant's employment brought her in contact with the risk which actually caused her injuries. *Souza's Case,* 316 Mass. 332, 334. *McLean's Case,* 323 Mass. 35, 38. In the opinion of a majority of the court, the agreed facts "did not require the conclusion that the . . . [accidental fall while walking on the sidewalk] arose from any risk with which the claimant's employment brought . . . [her] in contact . . . or from any aspect of the job — 'the nature, conditions, obligations or incidents of the employment.' *Caswell's Case,* 305 Mass. 500, 502. . . . In the circumstances the board's decision is conclusive." *Bedore's Case,* 339 Mass. 639, 642. *Barrette's Case,* 312 Mass. 697. The decree dismissing the claim is affirmed.

*So ordered.*

*Douglas G. Moxham* for the employee.
*Francis F. Foley* for the insurer.