Linda RIOUX

v.

**FRANKLIN COUNTY MEMORIAL HOS-PITAL and United States Fidelity and Guaranty Company.**

Supreme Judicial Court of Maine.

Aug. 21, 1978.

Cloutier & Joyce, Patrick E. Joyce (orally), Livermore Falls, for plaintiff.

Clyde L. Wheeler, Phillip Johnson (orally), Waterville, for defendants.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

From the entry of a pro forma decree awarding the plaintiff-appellee compensation pursuant to the Maine Workmen's Compensation Act, the defendants appealed. Appellants contend that appellee's injuries did not arise out of and in the course of her employment as required by the Workmen's Compensation Act.

We agree and sustain the appeal.

At approximately 3:30 p.m. on January 7, 1977, Mrs. Rioux concluded her work shift at the Franklin County Memorial Hospital. Mrs. Rioux drove her car from the hospital parking lot and along the hospital's entrance driveway, which was the only means of entering or leaving the premises. Within seventy-five feet from the center of Route 2 and, therefore, within the right of way reserved to the State of Maine, Mrs. Rioux's car came to a complete stop behind the stop sign at the end of the hospital driveway. While waiting for passing traffic on Route 2, she shifted her car into "park." Before she proceeded any farther,

a truck that was easterly bound on Route 2 went out of control and collided with the appellee's vehicle. As a result Mrs. Rioux suffered a severe injury.

■■ For an injury to an employee to be compensable, the injury must (1) *arise out of* and (2) be *in the course of* the employment. 39 M.R.S.A. § 51. Cognizant of the remedial nature of the Workmen's Compensation Act and the need for liberal construction in order to carry out the general humanitarian purpose for which the Act was intended, we have liberally construed this statute. 39 M.R.S.A. § 92. *See Dinsmore's Case*, 143 Me. 344, 62 A.2d 205 (1948); *Estabrook v. Steward Read Co.*, 129 Me. 178, 151 A. 141 (1930). We have long recognized that an employee going to or departing from his regular workshift is *within the course of his employment* while on the employer's premises or a way maintained by the employer to provide ingress or egress. *See Oliver v. Wyandotte Industries Corp.*, Me., 308 A.2d 860 (1973); *Wheeler's Case*, 131 Me. 91, 94, 159 A. 331, 332 (1932); *Roberts' Case*, 124 Me. 129, 126 A. 573 (1924). In this instance, however, we are unable to find any causal connection between the injury and the employment which would allow us to concur with the Commission's finding that the injury *arose out of the appellee's employment.*[1]

■ Although Mrs. Rioux's injuries occurred upon a private driveway entrance maintained by the hospital, she does not contend that the hospital's driveway or the maintenance thereof in any way contributed to the occurrence of the accident.

"Q. I'm asking her as far as she's concerned the condition of the road you were on had nothing to do with the accident.

A. The one that I was on?

Q. Yes?

A. No.

Q. Just the mere fact that you happened to be there?

A. I was there.

Q. You just happened to be there. If you hadn't been there, there wouldn't have been any accident and as far as you're concerned, to you.

A. Yes."

This case, therefore, is distinguishable from *Oliver v. Wyandotte Industries Corporation, supra*, in which the plaintiff asserted a causal connection between the conditions under which she had to enter and leave her place of work and the occurrence of the injury. There, upon remand, the Commissioner found that the private road on the Wyandotte premises was icy and slippery and that there were snowbanks six feet high on each side of the private road as it connected with the public street on which the accident occurred. The Commissioner further found that the snowbanks created a hazard and were a cause of petitioner's injury. *Oliver v. Wyandotte Industries Corporation*, Me., 360 A.2d 144, 146 (1976).

In the immediate case there is no assertion of any hazard on the premises of the employer which would have been causally connected to the injury. The only relationship between the injury and the premises is the fact that the injury would not have occurred but for appellee's presence in the place and at the time that the truck went out of control.

The appellee here sustained her injuries while in an area within the control of her employer. This relationship in itself, however, has never been sufficient to make an injury compensable under Maine's Workmen's Compensation Act. *See, e. g., Riley v. Oxford Paper Co.*, 149 Me. 418, 103 A.2d 111 (1954) (fall resulting from internal injury personal to employee); *Hawkins v. Port-*

---

1. The Commission's findings of fact are final if supported by competent evidence. *McQuade v. Vahlsing, Inc.*, Me., 377 A.2d 469, 471 (1977). *See also, e. g., Cardello v. Mt. Hermon Ski Area, Inc.*, Me., 372 A.2d 579, 580–81 (1977); *Ross v. Oxford Paper Co.*, Me., 363 A.2d 712, 716 (1976). Since the question presented here involves a mixed issue of law and fact, we are not bound by the Commission's findings. Nevertheless, we find no competent evidence that would allow a conclusion that the hospital's driveway or maintenance thereof created a hazard or risk that was a cause of the injury.

*land Gas Light Co.,* 141 Me. 288, 43 A.2d 718 (1945) (crazed gunman); *Gooch's Case,* 128 Me. 86, 91, 145 A. 737, 739 (1929) (dog bite).

■ Although an injury may occur in the course of employment, it does not necessarily arise out of the employment. *Wolfe v. Shorey,* Me., 290 A.2d 892 (1972); *Gooch's Case, supra.* In order for an injury to arise out of the employment, there must be some causal connection between the injury and the conditions under which the employee worked, "or that the injury, in some proximate way, had its origin, its source, its cause in the employment." *Barrett v. Herbert Engineering, Inc.,* Me., 371 A.2d 633, 636 (1977). *See also Bouchard v. Sargent, Inc.,* 152 Me. 207, 208–09, 127 A.2d 260, 261 (1956); *Riley v. Oxford Paper Co., supra.* If the injury is caused by something having no relation to the employment, it does not arise out of the employment. In the instant case the claimant made no showing of any hazard associated with the hospital's driveway that would permit a conclusion that the injury arose out of her employment. She had the burden of proof on this essential element. *MacLeod v. Great Northern Paper Company,* Me., 268 A.2d 488, 489 (1970); *White v. Monmouth Canning Company,* Me., 228 A.2d 795, 800 (1967). The claimant having failed to prove facts necessary to establish her right to compensation, the injury is noncompensable.

The entry is:

The pro forma decree of the Superior Court is vacated. The case is remanded to the Workers' Compensation Commission for action consistent with this opinion.

It is further ordered that the employer pay to the employee $550.00 for her counsel fees plus her actual reasonable out-of-pocket expenses of this appeal.

WERNICK and DELAHANTY, JJ., did not participate.