Sonja E. WAYCOTT

v.

**BENEFICIAL CORPORATION and CNA Insurance Company.**

Supreme Judicial Court of Maine.

April 23, 1979.

Richardson, Hildreth, Tyler & Troubh by Ronald D. Russell (orally), Robert L. Hazard, Jr., Portland, for plaintiff.

Robinson, Hunt & Kriger by Sarah M. Allison (orally), Portland, for defendants.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

DELAHANTY, Justice.

In this workers' compensation case, the single issue for our consideration is whether, absent extenuating circumstances, an injury sustained off the employer's premises during lunchtime constitutes an injury arising out of and in the course of employment. By a decree entered May 17, 1978, the Industrial Accident Commission [1] found such an injury to be within the reach of 39 M.R.S.A. § 51 and awarded compensation to Sonja Waycott for four months of total incapacity. Her employer, Beneficial Corporation (Beneficial), appeals this decision via a pro forma decree of the Superior Court, Cumberland County.

We sustain the appeal.

The material facts are not in serious dispute. Ms. Waycott, who lived in Falmouth, was employed by Beneficial for some seven years prior to her injury, first in Portland and then in Brunswick. As an incentive for her transfer from its Portland office to the Brunswick office, Beneficial provided Ms. Waycott with an additional $4.00 per day to offset her increased transportation costs associated with traveling to and from work. Finding the lunch facilities in Brunswick chilly, noisy, dirty, and overcrowded and being too far from Falmouth to return home for lunch, Ms. Waycott often ate her noontime meal at the Officers' Club at the Brunswick Naval Air Station. On December 13, 1976, Ms. Waycott drove the few miles between the office and the base and parked her automobile near the Post Exchange where she intended to do some shopping before having lunch. Shortly after exiting from her vehicle, she slipped on the sidewalk and suffered a closed, displaced, mid-shaft fracture of the right humerus with associated radial nerve palsy.

---

[1]. By virtue of 1978 Me. Acts, ch. 612, effective July 6, 1978, the Commission's name has been changed to the "Workers' Compensation Commission."

A well-established workers' compensation principle is that an accident occurring off the employer's premises while an employee is merely on his way to or from his place of business is not, without more, compensable. *Martin v. Cumberland County Commissioners' Manpower Department,* Me., 395 A.2d 1172 (1979); *Oliver v. Wyandotte Industries Corp.,* Me., 308 A.2d 860 (1973); *Dinsmore's Case,* 143 Me. 344, 62 A.2d 205 (1948); *Wheeler's Case,* 131 Me. 91, 159 A. 331 (1932). Referred to either as the "public street" rule, *Abshire v. City of Rockland,* Me., 388 A.2d 512 (1978), or as the "going and coming" rule, 1 A. Larson, Workmen's Compensation Law § 15.00 (1978), it has at various times been stated that such an injury does not "arise out of" the employment, *Martin v. Cumberland County Commissioners' Manpower Department, supra,* or that it does not occur "in the course of" the employment, *Wheeler's Case, supra,* or both, *Paulauskis' Case,* 126 Me. 32, 135 A. 824 (1927). Whether stated that in going and coming to work an employee is "exposed to the same hazards, and no more, as other members of the travelling public," *Oliver v. Wyandotte Industries Corp., supra* at 861, or that while outside the business premises and not engaged in any work-related activity an employee is not within the spatiotemporal boundaries of employment, *see Babine v. Lane Construction Corp.,* 153 Me. 339, 138 A.2d 625 (1958), the rule is ultimately grounded in the notion that there is an insufficient connection with the employment context to warrant compensation for an injury occurring in such circumstances.

Where there is a more significant relationship between injury and employment, we have not hesitated to compensate an off-premises accident. In *Brown v. Palmer Construction Co.,* Me., 295 A.2d 263 (1972), the claimants, resident Lewiston employees, were assigned employment out of state and of necessity were required to rent an apartment near their job site. Recognizing the "traveling employee" exception to the public street rule, we found the claimants' injuries, sustained in their apartment while preparing a meal, compensable, even though the injuries occurred during the off hours when the employees were not "on call." Speaking through Mr. Justice Webber, the Court stated:

> In the instant case the necessity of lodging and meals in Brattleboro was not merely the necessity of the injured employees—it was a necessity of the employer in furtherance of the work it had contracted to perform in Vermont. These employees slept and ate where they did, not of their own choice or preference, not as a matter of personal comfort or convenience, but to accommodate the necessities of their employment. What they did was within the contemplation of the terms and conditions of that employment. *Id.* at 266.

Similarly, an off-premises injury may be compensable where it is caused by a "special hazard" on the employer's premises. *Compare Rioux v. Franklin County Memorial Hospital,* Me., 390 A.2d 1059 (1978), *with Oliver v. Wyandotte Industries Corp., supra.*

In *Abshire v. City of Rockland, supra,* we recognized another principle limiting the public street rule, the "special errand" exception. There, the claimant, an off-duty police officer, was telephoned at home while eating lunch and told to report to the courthouse to testify in the afternoon. His injuries, sustained while traveling to the courthouse, were held compensable since he would not have made the journey but for the special request of his superior.

This Court has also accepted the "dual-purpose" rule, *Sargent v. Raymond F. Sargent, Inc.,* Me., 295 A.2d 35 (1972), holding that when a trip serves both business and pleasure purposes an injury occurring during such a journey is compensable if the trip would have been made even if the private purpose had not been present. For other exceptions, *see Abshire v. City of Rockland, supra* at 514–15 n.2; *Rawson's Case,* 126 Me. 563, 140 A. 365 (1928).

We perceive no reason why an off-premises injury sustained during lunchtime should not be subject to the public street

rule and its exceptions. When an employee is going to or coming from work, as when he is lunching off premises, he is not exposed to any different risk than that of the public generally. In both situations, the time is the employee's to do with as he wishes. In neither case is the employee promoting any interest of the employer nor is he subject to any constraints or control on his freedom of movement. In short, it cannot meaningfully be said that such an injury arises out of and is in the course of the employment. *Accord, Mission Insurance Co. v. Workers' Compensation Appeals Board,* 84 Cal.App.3d 50, 148 Cal.Rptr. 292 (1978); *Halstead v. Johnson's Texaco,* 264 N.W.2d 757 (Iowa 1978); *Ware's Case,* 361 Mass. 885, 282 N.E.2d 673 (1972); *Spacy v. Stout's Feed and Supply,* 512 S.W.2d 849 (Mo.App.1974); 1 A. Larson, *supra* at § 15.51.

■ We recognize that where the claimant reaches the premises and is then injured, *Roberts' Case,* 124 Me. 129, 126 A. 573 (1924), or where the claimant is injured on the premises during lunchtime, *see Lassila v. Sears, Roebuck & Co.,* 302 Minn. 350, 224 N.W.2d 519 (1974); *Thomsen v. Sears Roebuck & Co.,* 192 Neb. 236, 219 N.W.2d 746 (1974); *Inland Mfg. Division, General Motors Corp. v. Lawson,* 15 Ohio App.2d 192, 240 N.E.2d 100 (1967); 1A A. Larson, *supra* at § 21.21(a), the injury may be compensable. Although this distinction as to where an injury occurs could appear at first blush to be arbitrary, some line must be drawn if an employer is not to be deemed an insurer from portal to portal, and the bright line of the employer's premises is as definite and reasonable as any that can be devised.

■ We are not persuaded by Ms. Waycott's attempts to bring this case within the traveling employee rule. In *Brown v. Palmer Construction Co., supra,* the injuries resulted from an accommodation the claimants made to suit their employer. Here, by contrast, even if there were inadequate lunch facilities, the injury did not have its origin in circumstances created by the employer for the purpose of furthering his interests any more than if the injury had occurred on the way to or from work.

Finally, the appellee attempts to shoehorn this case into the dual-purpose *Sargent* rule. The *Sargent* rationale is inapplicable where, as here, there was no business purpose to the trip at all.

The entry is:

Appeal sustained.

Pro forma decree of the Superior Court vacated.

Remanded to the Superior Court with direction to remand to the Workers' Compensation Commission for entry of a decree dismissing the petition.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with her reasonable out-of-pocket expenses, for this appeal.

POMEROY and NICHOLS, JJ., did not sit.