ELEANOR CORRARO'S CASE.

Suffolk. March 3, 1980. — April 10, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board,
   Injuries to which act applies.

Evidence in a proceeding on a workmen's compensation claim warranted
   findings that the employee's injuries, which were sustained during her
   authorized lunch break while she was walking on a public street to
   cash her paycheck at a nearby bank, did not arise out of and in the
   course of her employment and that the employee's check cashing ac-
   tivity did not, in the circumstances, benefit the employer. [359-361]

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the Workmen's Compen-
sation Act.

The case was heard by *Dimond, J.*

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Anthony D. Murphy* for the insurer.

*Michael R. Goldberg* for the employee.

WILKINS, J. The employee was injured during her au-
thorized lunch break while walking on a public street to
cash her paycheck at a nearby bank. The Industrial Accident
Board (Board) denied the employee's workmen's compensa-
tion claim. The reviewing board affirmed the findings and
decision of the single member, including findings "that the
employee in this case did not sustain a personal injury aris-
ing out of and in the course of her employment," that the
"cashing of the check was for the employee's own personal
benefit and not for the benefit of the employer," and that
the employee "was on a personal mission" at the time.

The employee appealed to the Superior Court from the decision of the Board. G. L. c. 152, § 11. The judge ruled that, as a matter of law, the employee's injuries arose out of and in the course of her employment. We transferred the insurer's appeal here on our own motion. We reverse the judgment and order the entry of a judgment affirming the Board's decision.

We summarize the judge's reasoning, which he based on the Board's subsidiary findings. The employer was a regular customer of the bank at which the employee intended to cash her paycheck. A course of conduct had developed by which that bank cashed paychecks for the employer's employees. The judge noted that G. L. c 149, § 148, which is set forth in part in the margin,[1] requires employers to provide facilities for cashing paychecks to the extent deemed reasonable by the Commissioner of Labor and Industries. Accordingly, the judge concluded that "by enabling an employee to obtain immediate cash for her paycheck, the company received a benefit sufficient to call for the conclusion that in crossing the street to cash her check at the [bank], the plaintiff was still in the course of her employment and that her injury arose therefrom."

We summarize certain additional findings of the Board. Other employees regularly cashed paychecks at the same bank to which the employee was going at the time of the accident. The employer did not maintain any facility for cashing payroll checks. The employee was under no compulsion or restriction to cash or not to cash her checks at any particular bank or during the forty-five-minute lunch period. The employer's office manager testified that the company had not made any arrangements with the bank for the cashing of payroll checks, but the bank had indicated a willing-

---

[1] General Laws c. 149, § 148, as amended through St. 1979, § 633, provides in part: "Any employer paying wages to an employee by check or draft shall provide for such employee such facilities for the cashing of such check or draft at a bank or elsewhere, without charge by deduction from the face amount thereof or otherwise, as shall be deemed by the commissioner of labor and industries to be reasonable."

ness to do so because her employer was a regular bank customer. There was no evidence that the Commissioner of Labor and Industries had imposed any obligation on her employer under G. L. c. 149, § 148, to furnish check cashing facilities at a bank or elsewhere.

We agree with the judge that this case is not disposed of by our holding in *Ware's Case*, 361 Mass. 885 (1972), on which the Board relied. In that case, the employee was injured during her lunch break on a common sidewalk in a large shopping center where she was employed in a retail store. The question was stated to be "whether the claimant's employment brought her in contact with the risk which actually caused her injuries." *Id.* at 886. A majority of the court determined that the facts did not require a conclusion that the employee's injury arose out of her employment. Thus, the court affirmed the Board's ruling that the injury was not compensable. The question remains, however, whether there is a meaningful distinction between an employee leaving her place of employment to shop and have lunch, as in *Ware's Case*, and an employee leaving her place of employment to cash a paycheck during her lunch break.

Generally, the determination whether an employee's injury arises out of her employment is a question of fact to be decided by the Board. *Peters's Case*, 345 Mass. 758 (1962). Findings of fact by the Board are conclusive if there is sufficient evidence to support them. *Albanese's Case*, 378 Mass. 14, 15 n.2 (1979). *McEwen's Case*, 369 Mass. 851, 853 (1976). The decision of the Board is not to be reversed unless it is lacking in evidentiary support or a different conclusion is required as a matter of law. *D'Angeli's Case*, 369 Mass. 812, 815 (1976).

Courts in other jurisdictions have upheld an agency determination that an injury incurred while cashing a paycheck arises out of one's employment. We are aware of only one case, however, in which a court made such a determination as a matter of law and the result was reached on the basis of a doctrine which is inapplicable here.[2] In *Pacheco* v. *Or-*

---

[2] In *M-K Rivers* v. *Schleifman*, 599 P.2d 132 (Alaska 1979), the Supreme Court of Alaska affirmed a lower court's order reversing a decision

*chids of Hawaii*, 54 Haw. 66 (1972) (three-two decision), the court upheld an agency determination that an employee who was fatally injured while off the employer's premises on a coffee break and on route to a bank to cash a paycheck suffered an injury "arising out of and in the course of the employment." *Id.* at 68. Although it is not clear that the decision turned on these facts, the opinion noted that the employer knew that the trip was being taken, and it was anticipated that the employee would work late so that the coffee break offered the only opportunity for the check to be cashed before the bank closed.

There are lower court decisions in New York which have upheld agency determinations that injuries incurred when employees were off the premises during lunch time for the purpose of cashing paychecks were compensable. A benefit to the employer was found in the particular facts of these cases because the employer had made special arrangements to facilitate the cashing of paychecks. See *Teague* v. *Rockville Reconditioning Center*, 61 App. Div. 2d 874 (N.Y. 1978) (employer had arranged a system with the bank to facilitate cashing paychecks); *Flamholtz* v. *Byrde, Richards & Pound, Inc.*, 37 App. Div. 2d 645, 646 (N.Y. 1971) (employer had special arrangement for check cashing and did not want "too much cash" on the premises); *Watson* v. *American Can Co.*, 23 App. Div. 2d 423 (1965), aff'd 18 N.Y.2d 758 (1966) (detailed arrangements made with bank for check cashing by agreement with employees' bargaining agent).[3] Each of these cases involved the upholding of an

---

of the Workmen's Compensation Board that had denied benefits to an employee injured while traveling to cash his paycheck. The court, in a three to two decision, upheld the award by relying on "the remote site injury doctrine." *Id.* at 134-136.

[3] Cf. *Balsam* v. *New York State Div. of Employment*, 24 App. Div. 2d 802 (N.Y. 1965) (injury not compensable which employee suffered at a bank where she planned to cash a personal check during a coffee break when she was authorized only to go to a neighborhood shop). Courts in other jurisdictions appear to be unanimous on the point that an injury suffered by an employee while cashing a personal check during a break from work is not compensable. See *Glen Falls Ins. Co.* v. *Anderson*, 280 Ala.

agency finding that the check cashing was in part for the benefit of the employer. Discussing the last two of these New York opinions, Larson in his treatise on workmen's compensation suggests that the results may be defensible on the special facts of those cases, but states that "it is obvious that they cannot be taken to support a general rule that journeys to cash pay checks are in the course of employment." 1A A. Larson, Workmen's Compensation § 26.30, at 5-247 (1979). "For the time being, it would be prudent to assume that there must be at least as strong a showing of special circumstances as in the New York cases before such a journey has a chance of being covered — and even then it must be recognized that these cases are poised on the outermost limits of expansion of the course of employment concept." *Id.*

We conclude that the Board was not required, as a matter of law, to rule that the employee's check cashing mission was at least in part for the benefit of the employer and that the injury thus arose out of and in the course of the employee's employment. Many things an employee might do during a lunch break could benefit an employer in some indirect way. Obtaining a haircut, purchasing clothes to be worn at work, resting, or even eating lunch could be regarded as somehow beneficial to an employer. See 1 A. Larson, Workmen's Compensation § 15.53, at 4-107 (1978). Without suggesting whether an injury sustained by an employee while engaged in these activities would justify a finding that the injury was compensable, we simply note that the Board was warranted in concluding that the employee's check cashing activity did not benefit the employer in this case. Consequently, compensation was properly denied.

The judgment is reversed and the case is remanded to the Superior Court for entry of judgment affirming the decision of the Industrial Accident Board.

*So ordered.*

626 (1967); *Sam Jones Casing Crews* v. *Skipper,* 199 So. 2d 436 (Miss. 1967); *Allen* v. *State Accident Ins. Fund,* 29 Or. App. 631 (1977).