FRANK H. SMITH's CASE. May 13, 1980. The basic question on this appeal is whether the evidence is sufficient to sustain the decision of the reviewing board (board) which adopted and affirmed the single member's finding that the employee had failed to show that his disability was causally related to an injury arising out of his employment. The trial judge adjudged the evidence sufficient to sustain the board's decision and we affirm.

The employee, a truckdriver whose work involved the moving and lifting of parcels, came home from work on August 24, 1972, feeling ill. He was admitted to the hospital the next day having suffered a myocardial infarct. For three days prior to his hospital admission, he had had intermittent chest pains upon exertion. At the hearing before the single member, both the employee's physician, an internist, and the insurer's physician, a specialist in internal medicine and cardiology, testified that the patient had an underlying coronary artery condition which was the primary cause of his attack. The employee's physician opined, however, that the employee's work activities were "a major contributory factor" in causing the acute myocardial infarct. The insurer's physician said they played no role. The single member chose to believe the latter.

In adopting the findings of the single member, the board could properly rely on the medical testimony of one expert and discount the testimony

of another. *Rennie's Case,* 357 Mass. 640, 644 (1970). Here, unlike the situation in *King's Case,* 352 Mass. 488, 490 (1967), on which the employee relies, there was evidence from two physicians, confirmed by the hospital records, supporting the assumption of an underlying pathological condition, namely arteriosclerotic heart disease. Since the determination of the board is not lacking in evidentiary support, nor is a different conclusion required as a matter of law, the decision of the board must stand. *Corraro's Case,* 380 Mass. 357, 359 (1980).

*Judgment affirmed.*

*Harry Terzian* for the employee.
*Joseph E. McGuire* for the insurer.