Hand, J.
This case arises out of a fractured tooth. The parties agree that on November 30, 2004, the plaintiff, Karen Woods (‘Woods”), was employed by the defendant, BBRG Operating, Inc. (“BERG”), as a hostess at the Papa Razzi Restaurant. As a benefit of her employment, Woods was entitled to a discount on the food she purchased at Papa Razzi; she was not required to use that discount, or to buy anything from the restaurant. On November 30,2004, after her shift had ended, Woods bought a salad from Papa Razzi, using her discount. Opting to eat at home, Woods left the restaurant after making her purchase. Woods claims that while eating the salad at home, she bit down on a foreign object negligently included in the food. She claims that as a result, she suffered damage to her tooth, pain and suffering, and expenses for medical and dental care.
In response to Woods’ complaint alleging breach of warranty and negligence, BBRG filed a Mass. R. Civ. R, Rule 12(b)(6), motion to dismiss, arguing that Woods’ claims were subject to the Workers’ Compensation Act, G.L.c. 152, §24 (“the Act”), and that, accordingly, she had no right to a recovery at common law. After hearing, the motion to dismiss was allowed.[1] Woods filed this appeal on the ground that her claim is not subject to the Act. We agree, and vacate the dismissal.
In connection with this appeal, the parties have submitted an Agreed Statement of the Case. In reviewing the dismissal motion, we take the agreed facts, and any inferences drawn from those facts, in Woods’ favor. See Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995) (in reviewing Rule 12(b)(6) motion to dismiss, court takes as true allegations of complaint and all favorable inferences drawn from those allegations). “ [A] complaint is sufficient ‘unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief’” (citation omitted). Gasior v. Massachusetts Gen. Hosp., 446 Mass. 645, 647 (2006).
*67 The sole question before us is whether Woods’ injury is sufficiently work-related to limit her recovery to that available under the Act.[2] Where an employee suffers “a personal injury arising out of and in the course of his employment,” the Act is the exclusive remedy for that injury.[3] G.L.c. 152, §26. Interpretation of the critical phrase “arising out of and in the course of’ has been the subject of frequent litigation, although we are unaware of any case directly on point with this one.[4] In assessing the availability of workers’ compensation benefits to injured employees, our courts have generally viewed the term “arising out of’ to “referfj to the causal origin” of the injury, Larocque’s Case, 31 Mass. App. Ct. 657, 658-659 (1991), citing Zerofski’s Case, 385 Mass. 590, 592 (1982), and the term “in the course of’ to “referfj mainly to the time, place, and circumstances of the injury in relation to the employment.” Id. at 659, citing Conaro’s Case, 380 Mass. 357, 359-361 (1980), LOCKE, WORKMEN’S COMPENSATION §261 (2d ed. 1981), and 1 LARSON, WORKMEN’S COMPENSATION §6.10 (1991). An “[ijnjury ‘arises out of’ employment if it is attributable to the ‘nature, conditions, obligations or incidents of the employment; in other words, [to] employment looked at in any of its aspects,”’ Zerofski’s Case, supra, quoting Caswell’s Case, 305 Mass. 500, 502 (1940) .[5] While broad, this interpretation is not limitless. The fact finder is called upon to review the whole circumstances of the case, and to make a realistic assessment of the relationship between the claimed injury and the plaintiff’s work. “The basic inquiry in determining whether an injury arises out of and in the course of employment is whether the injury, in a common-sense view of all the circumstances, is work-connected.” Haslam v. Modern Cont. Constr. Co., 20 Mass. Workers’ Comp. Rptr. 41, 48 (2006), rev’d on other grounds, Haslam’s Case, 451 Mass. 101 (2008), citing L.Y. NASON, C.W. KOZIOL & R.A. WALL, WORKERS’ COMPENSATION §12.1 (3d ed. 2003).
In our view, Woods’ injury in this case is not sufficiently “work-connected” to limit her recovery to that available under the Act. Woods’ discount was a benefit of her *68 employment, but was not part of her compensation. Cf. DeStefano v. Alpha Lunch Co. of Boston, 308 Mass. 38, 40 (1941) (where plaintiff’s compensation included two employer-provided meals per day, plaintiffs trichinosis was subject to workers’ compensation). Woods was not required to buy food from BBRG; nor did the circumstances of her employment make buying such meals a practical necessity. See Corraro’s Case, supra at 361 (no workers’ compensation coverage for injury incurred in course of plaintiff’s walking from work to bank to cash her paycheck, where employer did not require employees to use particular bank to cash checks, nor to cash checks during lunch breaks). We infer that Woods bought the offending salad for the same reason that any customer might have done so: it was conveniently available, and the price was right. Any connection between Woods’ employment as a hostess at the restaurant and her later, off-site injury was incidental. This view is consistent with decisions like that in Ware’s Case, 361 Mass. 885 (1972), in which the plaintiff employee of a store in a strip mall was injured in a fall on the mail's sidewalk. Despite the fact that her employment in the strip mall made it more likely that she would be on the mail's sidewalk than if she did not work in that mall, the Supreme Judicial Court found that as the plaintiff was merely permitted, but not required, to be on the sidewalk, her injury had not necessarily “arise [n] from” her employment within the mall, and affirmed the dismissal of her workers’ compensation claim. Id. at 886.
The time, place, and circumstances of Woods’ injury likewise suggest no close relationship to her employment; at the time of the injury, the plaintiff was at home, on her own time. See Levin v. Twin Tanners, Inc., 318 Mass. 13, 17 (1945) (no workers’ compensation coverage for injury sustained while plaintiff “was attending to his own automobile for his own benefit on the street and off the premises of his employer,” where plaintiff’s work neither required him to be on street, nor to use his car). While an injury may be within the course of employment even if suffered away from the employer’s property or outside normal working hours, the general rule is that for such an injury to be covered by workers’ compensation, the employee must, at the time of the injury, be “engaged in the furtherance of his employer’s business or in pursuit of some benefit to his employer.” Bisazza v. MCI Concord, 21 Mass. Workers’ Comp. Rptr. 161, 166 (2007), quoting Larocque’s Case, supra at 660. That is not the case here. Cf. Walsh v. Hollstein Roofing Inc., 17 Mass. Workers’ Comp. Rptr. 333, 341 (2003) (workers’ compensation coverage applicable to injury suffered while employee was doing unpaid work on employer’s machinery, on employer’s property).
Woods’ injury was the result of eating a salad containing a foreign object; it was not the result of her eating a discounted salad. Assessing the totality of the agreed facts in this case, we determine that Woods’ claim is not subject to the exclusive provisions of the Workers’ Compensation Act, and we vacate the dismissal on that basis of her personal injury claims against BBRG.
Accordingly, the trial court’s judgment of dismissal is vacated, and the allowance of the defendant’s Rule 12(b) (6) motion is reversed.
So ordered.

 The trial court issued no written findings in connection with its order dismissing Woods’ claim.

 Workers’ compensation law, unlike tort law, is not directed toward making an injured party “whole”; under the Act, a claimant generally recovers only partial lost wages, and cannot recover for pain and suffering. See CNA Ins. Cos. v. Sliski, 433 Mass. 491, 497 n.6 (2001), citing Haas, On Reintegrating Workers’ Compensation and Employers’ Liability, 21 Ga. L. Rev. 843, 846-847 (1987) (noting tort judgments substantially higher than workers’ compensation awards).

 An exception applies where the employee has given the employer “notice of his claim of common law rights of action” under §24 of the Act. G.L.c. 152, §26. Those are not the circumstances of this case.

 Massachusetts precedent in this area arises more often from disputes over whether an injured employee is entitled to recovery under the Act than concerning the issue of whether the employee is limited to that recovery.

 While BBRG urges us to adopt the broadest possible definition of work-relatedness in this case, we are mindful that the courts will construe the Act “for the protection of an injured employee.” Hepner’s Case, 20 Mass. App. Ct. 208, 212 (1990), citing Meley’s Case, 219 Mass. 136, 139 (1914). See also Fitzgibbons’s Case, 374 Mass. 633, 637 (1978). Further, determination of whether a particular injury arises out of and is in the course of employment is a fact-specific determination.