Before STATE INDUSTRIAL BOARD, Respondent.

MARY C. KELLEHER, Claimant, Respondent, *v.* JOHN J. KELLEHER, INC., and Another, Appellants.

Third Department, March 7, 1923.

**Workmen's compensation — injury arising out of and in course of employment — no evidence that decedent, who was killed while riding in automobile after office hours, was engaged in his employer's business.**

There was no evidence that the claimant's husband was engaged in his employer's business at the time of the accident causing his death, where it appears that he left the office of his employer about seven-thirty in the evening and entered an

automobile with the stated intention of calling at the home of a lawyer on business of the employer; that he directed the chauffeur, who was in a highly intoxicated condition, as to the direction to proceed; that at the time of the accident the automobile was being driven under his instructions away from rather than towards the home of the lawyer, and that the lawyer whom he intended to visit testified that he had no appointment with him and knew of no business which called for an interview.

APPEAL by the defendants, John J. Kelleher, Inc., and another, from an award of the State Industrial Board, made on the 6th day of June, 1922.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, Acting P. J.:

The claimant's husband was engaged in the business of the employer at its plant in the borough of Brooklyn. On the afternoon of the day of the accident he notified his wife by telephone that he was going out on business and would not be home until late. Later in the day he told his brother-in-law to inform his wife that he would not be home to supper for the reason that he was going to the home of a Mr. Geoghan, a lawyer, on corporation business. At about seven-thirty in the evening he left the office of his employer and entered an automobile. He told the chauffeur that he wanted to go to a Mr. Geoghan's house. The chauffeur did not know the way, so the husband of the claimant gave him instructions as they proceeded upon their journey as to the streets which he should take. They drove to a street known as Coney Island avenue and proceeded down it in a southerly direction. In so proceeding they were journeying away from the home of the deceased but in a direction which would bring them to an intersecting street leading on the right or west to the home of Mr. Geoghan. Under the directions of the claimant's husband the chauffeur drove the car beyond this intersecting street and turned left down a street leading in an easterly direction. They were then traveling directly away from the Geoghan house. There is proof that the chauffeur was in a highly intoxicated condition, and that he was driving the car at thirty miles an hour in a blinding fog. At any rate, without reducing speed, he drove the car straight into a wall which marked the end of the street and closed it, with the result that the car was demolished and the claimant's husband was so injured that he subsequently died. It does not seem to us that the claimant's husband was in the course of his employment when he was thus accidentally injured. The fact that he left word for his wife and told the chauffeur that he was

going to Geoghan's house on corporation business does not necessarily prove that he honestly intended to make that journey. Geoghan testified that he had made no appointment with him and knew of no corporate business which called for an interview with the claimant's husband. There is no proof that the claimant's husband was not perfectly familiar with Brooklyn streets and did not well know the way to Geoghan's. Yet at the moment of the accident the chauffeur, under his instructions, was driving him away from rather than towards the Geoghan house. The inferences are inescapable either that the claimant's husband had never intended to go to Geoghan's or that having originally so intended he had changed his mind before the accident occurred. There was no proof, therefore, that he was in the course of his employment when injured.

The award should be reversed and the claim dismissed.

KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.