Weygandt, C. J.
 

 The sole question requiring the attention of this court is whether the record discloses evidence from which reasonable minds might conclude that at the time of the collision and death of the decedent he was within the scope of employment by the defendant.
 

 It is agreed that the young decedent had been employed as a truck driver to make deliveries for the defendant who operated a market on Fairmount Boulevard near Taylor road in the city of Cleveland Heights, Ohio.
 

 To prove that the decedent was within the scope of that employment at the time of the collision, the state offered in evidence a certified copy of the proceedings of the Industrial Commission awarding compensation to the decedent’s widow. Then the state rested.
 

 This was in conformity with the provisions of Sec
 
 *343
 
 tion 1465-74, General Code, which read in part as follows :
 

 “In such action it shall be sufficient for plaintiff to set forth a copy of the record of proceedings of the commission relative to such claims as certified by the commission to the Attorney General and to state that there is due to plaintiff on account of such finding and award of the commission a specified sum which plaintiff claims with interest. A certified copy of such record of proceedings in such claim shall be attached to the petition and shall constitute prima facie evidence of the truth of the facts therein contained.”
 

 After the state rested the defendant offered his evidence in the form of testimony of himself and two other witnesses.
 

 According to this evidence the defendant discovered that the decedent had been changing the amounts of some of the invoices by increasing the prices thereon and collecting the difference for himself. Furthermore, the decedent had been involved in several traffic accidents. A week before the fatal collision the defendant discussed these matters with the decedent and told him he was discharged as of the following Saturday. which proved to be the day the decedent was killed. The reason for the week’s notice was that the defendant thought the decedent still was a member of a labor union which required a notice of that length. The fact was that the decedent had been expelled for nonpayment of his union dues. When the defendant gave the decedent the notice of his dismissal he instructed the decedent not to drive the delivery truck any more but to confine himself to working
 
 in
 
 the store. The defendant then employed another to drive the truck and make the deliveries. However, on the last day of the decedent’s employment- there was a certain delivery to be made to the home of a family
 
 *344
 
 named Augustus living on Hobart road. The dececedent learned this and told the new truck driver that he (the decedent) wanted to make the delivery because it would be in the neighborhood of a slaughterhouse where he had arranged to get some meat for his own use. Then without the knowledge of the defendant the decedent secretly took the defendant’s private automobile and presumably started to make the delivery. He drove eastward on Chardon road. But instead of then turning north on Hobart road for more than a mile to the Augustus home, he continued on Chardon road toward the slaughterhouse. Approximately a mile and a quarter east of Hobart road he collided with another motor vehicle and was killed.
 

 After the defendant had offered his evidence the state called two witnesses who contradicted the defendant’s evidence in no important particular.
 

 Under these circumstances does the record disclose evidence from which reasonable minds can draw different conclusions'?
 

 Under the provisions of Section 1465-74, G-eneral Code,
 
 supra,
 
 the certified copy of the record of the proceedings before the Industrial Commission constitutes prima facie evidence of the facts on which the state relies. Standing alone and unrebutted this certified copy would sustain a verdict and judgment in favor of the state. However, this presumption is rebuttable, and when overcome by evidence from which reasonable minds can draw only one conclusion, the matter should not be submitted to a jury but a judgment should be rendered for the defendant.
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co.,
 
 127 Ohio St., 469, 189 N. E., 246. The state introduced no evidence to controvert that of the defendant to the effect that at the time of the collision the decedent not only was not in the course of performing a duty delegated to him by his employer but was acting in direct violation of the posi
 
 *345
 
 tive instructions he had been given. In no sense can his gross misconduct be considered as merely a minor, incidental deviation or departure from the work his employer told him to perform
 
 in
 
 the store.
 

 The defendant’s motion for a directed verdict at the conclusion of all the evidence should have been granted. The judgment below must be reversed and a final judgment rendered for the defendant.
 

 Judgment reversed.
 

 Zimmerman, Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.