DOWDLE & PEARSON, INC., et al. *v.* DEPENDENTS OF EDDIE HARGROVE, DECEASED.

No. 39301     November 1, 1954     75 So. 2d 277

*John H. Holloman, W. J. Threadgill,* Columbus, for appellants.

*Sams & Jolly,* Columbus, for appellees.

GILLESPIE, J.

This case involves the claim of the dependent wife of Eddie Hargrove, deceased, for death benefits under the workmen's compensation law. After a full hearing, the attorney-referee denied the award and the full commission affirmed the action of the attorney-referee. On appeal to the circuit court, the commission was reversed and compensation awarded. Dowdle and Pearson, Inc., the employer of Eddie Hargrove, and its compensation carrier, appeal from the judgment of the circuit court.

The question presented by this appeal is whether the employee died from injuries "arising out of and in the course of his employment," or, to state it more specifically, whether Eddie Hargrove had deviated from the course of his employment at the time he was killed.

The employer operated a gasoline service station at 611 Main (Main being First Avenue) in Columbus, Mississippi. Eddie Hargrove was employed at this station, and his duties included driving the service truck on service calls. He was permitted to use the service truck to go to and from lunch so that he could earlier get back to work; but if he used the service truck his lunch hour would be thirty minutes instead of the usual hour. Hargrove was instructed not to use the service truck for personal purposes, and when he used it he was only to go to lunch and return to the station. Hargrove could eat where he pleased. On the day he was killed he was instructed to take the station bookkeeper, Mr. Williams, to his home while Hargrove was on his way to lunch. Hargrove left the station about 11:50 A.M. with Mr. Williams and Sanders Harris, another employee of the station who was off for the day. They drove to Mr. Williams' home at 801-3rd Avenue North, a short distance northeast of the station, where Mr. Williams got out. Hargrove was not to pick up Williams on returning from lunch. He and Sanders Harris then drove to 1608-7th Avenue North, where Hargrove visited a friend, Geneva Sizemore, who was ill, remaining their about five minutes. Hargrove and Harris then got back in the truck and drove east on 7th Avenue North to 20th Street, where they turned north to a school and Hargrove saw and spoke to a girl who was walking home from school. They then drove back to 7th Avenue North, thence west on 7th Avenue to 18th Street where they turned north to Bertha Brown's home at 718-18th Street. Harris got out at Bertha Brown's home and Hargrove drove north to 8th Avenue North and turned east. When Harris got out of the truck, he told Hargrove that his lunch time

was about over and he had better get back to work; and Hargrove said he was going back to work.

Up to this time, Hargrove had not been to lunch. After Harris visited at Bertha Brown's house about five minutes he walked south to 7th Avenue North and saw Hargrove drive the truck past the corner of 7th Avenue North and 18th Street. Harris then walked by the Green Derby Cafe at 1702-7th Avenue North, and the service truck was not parked there. The route taken by Hargrove after he left Harris at 718-18th Street is not clear. It was shown by the evidence that he was killed about 12:15 P.M. in an accident while traveling at a high rate of speed going east on 7th Avenue North, and that this direction was away from town and away from the service station. The place of the accident was 7th Avenue North and 21st Street, in the northeastern part of the city. The station was in the western part of the city. As to where Hargrove went and what he was doing after he left Harris at Bertha Brown's house, it was shown that: Hargrove was reaching out of his truck for a girl at 7th Avenue North and 19th Street, and she jumped on a porch; on 20th Street, a girl was standing on the fender and Hargrove grabbed her and started off on the left side of the road, meeting another vehicle, and turned right and avoided a collision only after the driver of the other vehicle blew his horn; about ten minutes after twelve, Hargrove was seen driving the truck south on 19th Street and 7th Avenue North and scaring some children by driving the truck towards them and stopping as the children jumped in the ditch, then repeating the process; a short time before the fatal accident, Hargrove was seen driving the truck west on 7th Avenue North past 18th Street at about 70 miles per hour, and a little later, drove back on 7th Avenue and turned north on 18th Street, and shortly thereafter he was seen going east on 7th Avenue North, traveling about 70 miles per hour, after which, within five or ten minutes, the witness who thus testified heard about Har-

grove's fatal accident, which happened about four blocks east. The manager of the service station testified that Hargrove was not on any business for his employer at the time and place of the fatal accident.

One witness, whose testimony was rejected by the attorney-referee and the commission, testified that Hargrove ate lunch at the Green Derby at 1702-7th Avenue North and stayed there from about 12:00 to 12:20 P.M. The commission was amply justified in finding that Hargrove did not eat lunch at the Green Derby or elsewhere. Moreover, had he eaten at the Green Derby, his route back to the station would have carried him west and south and not east, although he could have reached the station by traveling 7th Avenue East to the place where he was killed, thence on east across the railroad where there is a street running south that connects with Highway 82, thence west into Main Street.

It may be conceded that Hargrove was in the course of his employment in driving Mr. Williams to lunch a few blocks northeast of the service station. Thereafter he would have been in the course of his employment only while going from there to wherever he decided to eat and back to the service station. The proof is ample to support the finding of the commission that from the time Hargrove left Mr. Williams at his home until he met his death that Hargrove was spending his lunch time in personal visitation and driving about the northeast section of Columbus for purposes other than going to and from lunch.

Whether Hargrove had deviated from the course of his employment for personal reasons and was therefore out of the course of his employment was a question to be decided by the commission; and neither this court nor the circuit court may disturb the commission's order unless it was based upon findings of fact which were contrary to the weight of the evidence or upon an erroneous interpretation of the applicable provisions of the statute. Brown Buick Company, et al. v. Smith's

Estate, 52 So. 2d 664; Lucedale Veneer Co. v. Rogers, 211 Miss. 613, 53 So. 2d 69; Sones v. Southern Lumber Company, et al., 215 Miss. 148, 60 So. 2d 582. The commission's finding of fact in this case was in accord with the great weight of the evidence and we find no erroneous interpretation of the applicable statutes. It was error for the circuit court to reverse the order of the commission.

Reversed and judgment here for appellant.

*McGehee, C. J.,* and *Hall, Kyle,* and *Holmes, JJ.,* concur.