DENNIS PAUL BELYEA'S (dependents') CASE.

Suffolk.   February 6, 1969. — April 18, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

There was no error in a conclusion by the trial judge in a workmen's compensation case that the death of a truck driver was not shown to have arisen out of and in the course of his employment where there was evidence merely that after making his day's deliveries the employee stopped at a tavern and ate and drank beer there for about three hours, that he left the tavern ostensibly to return the truck to his employer's garage, a fifteen to twenty minute drive away, and that about two hours later the truck struck an abutment on a public way not shown to be on the route between the tavern and the garage and the employee was killed.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Roy,* J.

*Pasquale J. Ventola* for the claimant.

*Philander S. Ratzkoff* for the insurer.

REARDON, J.   The claimant widow appeals from a decree of the Superior Court dismissing the claim for compensation after the reviewing board had affirmed and adopted the findings and decision of the single member in favor of the claimant.

There were findings by the single member as follows. The deceased, a truck driver, had worked for the employer about ten months. He reported at the employer's garage in Waltham each morning at 8 A.M. to pick up the employer's truck and a helper. There he was given a route slip by a dispatcher. Thereafter he proceeded to "Sears Roebuck" in Lowell, arriving at 8:30 A.M. With the helper he then loaded the truck for deliveries to various homes. Upon the completion of his rounds he would return the truck to his employer's garage. "When the employee was hired he was informed that it was against the company's policy to drink alcoholic beverages while driving the truck." On the date of his accident he arrived with the truck at Sears Roebuck, loaded it, and proceeded to make deliveries in Chelmsford, Littleton and Maynard. About 5:30 P.M. he joined three of his fellow employees at an establishment in Maynard where he played pool, ate a sandwich and drank beer until about 8:30 P.M. He then proceeded to the parking lot at the establishment, sought directions back to the company garage, and drove off in the truck. Between 10:30 and 11 P.M., on Route 128 at Route 30 in Weston, the truck struck an abutment and the employee was removed to the Newton-Wellesley Hospital by ambulance where he was pronounced dead on arrival. A blood test disclosed the percentage of alcohol in his bloodstream to be .016%. One with a .015% level of alcohol in his bloodstream is presumed to be under the influence of liquor. It was further found by the single member that while the employee's stop at the eating and drinking establishment was a deviation from his course of employment, the employee's resumption of his journey at 8:30 P.M. constituted a reëntry into his usual course of employment, that the employee at the time of the accident was using the employer's truck "with the general authorization" of the employer, and that his injury and death arose out of and in the course of his employment. There was testimony before the single member of fairly heavy drinking in Maynard, that a fellow worker was going to follow the employee back to Waltham, about a twenty minute trip, and that the

accident to the employee occurred about an hour and a half after his fellow employee arrived back in Waltham.

The judge in a ruling noted that the burden was "upon the claimant to establish that the employee's injury arose out of and in the course of his employment at a time and place while engaged in his employer's business." *Rozek's Case*, 294 Mass. 205, 207–208. *Judkins's Case*, 315 Mass. 226, 230. *Tarta's Case*, 328 Mass. 585, 587.

The judge then further ruled that there was no evidence before the single member that the route from the tavern in Maynard to the employer's garage in Waltham would include Route 128 at Route 30 in Weston, the site of the accident, nor any evidence from which such an inference could be drawn, and that there was no evidence why or for what purpose the employee was operating the truck at the locus of the accident nor any evidence to support the finding that the employee's death arose out of and in the course of his employment. He concluded that the claimant had not sustained the burden of proof.

There was no error. As the insurer points out, *Judkins's Case*, 315 Mass. 226, "is decisive in principle of this case." The employee, who had been engaged for a number of hours in drinking, departed the tavern in Maynard ostensibly to return on a fifteen to twenty minute drive to the employer's garage and about two hours later met with his accident. The evidence is silent and permits no inference concerning the errand in which he was engaged when he struck the abutment. It is far from clear that he had regained the route which he might be expected to take to his business destination. See Larson, Workmen's Compensation Law, §§ 19.00, 19.32, 19.33, 19.35. The facts in this case distinguish it from cases cited by the claimant and, in particular, from *Harvey's Case*, 295 Mass. 300.

*Decree affirmed.*