In the Matter of the Claim of FRANK MARTINO, Appellant, v. DYNAMICS PRINTING CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Workmen's Compensation Board disallowing his claim for compensation benefits. Sometime after 8:45 P.M. on the evening of May 17, 1966 claim-

ant left the employer's plant in his own automobile assertedly to deliver some photographic plates to a customer. Thereafter claimant was injured in an automobile accident about which he has no recollection, nor could he recall the events leading up to it. However, he did not see the customer, the plates were still in his auto after the accident, and the accident occurred at a point between the claimant's place of business and his home and well beyond the residence of the customer to which the delivery was allegedly to have been made. The board found that "at the time of the accident the claimant was engaged in a personal activity, which had no relation to the employment", and accordingly "that the accident did not arise out of and in the course of his employment." Of course, this determination is factual and thus the board's decision must be upheld if it is supported by substantial evidence (Workmen's Compensation Law, § 23; e.g., *Matter of Marks* v. *Freeman Bus Corp.*, 28 A D 2d 751). There is no direct proof as to where claimant was going at the time of the accident, and this finding must, therefore, be based on inference. The board could on the instant record properly determine that claimant was at the time of the accident an inside employee, was not on the way to see the customer and thus was not injured in the course of his employment (*Kelleher* v. *Kelleher*, 204 App. Div. 586). The board was not required to draw the contrary inference that claimant was on the way to see the customer, and the statutory presumption under section 21 of the Workmen's Compensation Law is here unavailing (cf. *Matter of Winters* v. *Valley Farm Food Sales*, 16 A D 2d 1010). Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.