DALE TOWNSEND v. DALE NELSON, d.b.a. QUALITY JANITORIAL SERVICE, AND ANOTHER.

242 N. W. 2d 607.

May 14, 1976—No. 45995.

*McGarry & Brody, Robert E. McGarry,* and *Norman M. Brody,* for relator.

*Sahr, Kunert & Tambornino* and *John L. Tambornino,* for respondents.

Heard before Todd, Yetka, and Breunig, JJ., and considered and decided by the court en banc.

PER CURIAM.

Dale Townsend seeks reversal of a decision of the Workers' Compensation Board that his injuries did not arise out of and in the course of his employment. The board, in rejecting Townsend's version of events preceding the injury-producing accident, determined that he was on a personal errand at the time it occurred. We affirm.

Townsend's testimony is that the accident occurred at approximately 8 a. m. near the intersection of Highway No. 100 and Highway No. 12 in suburban Minneapolis as he was traveling south on Highway No. 100 in his employer's van on a direct route to an intended jobsite. He testified that as a result of the accident the clutch of the van became inoperative and the left front fender was touching the wheel. He then attempted to drive the van back to his home by exiting from Highway No. 100 at Cedar Lake Road and reentering Highway No. 100, headed north, and was compelled by the inoperative clutch to remain in first gear at low speeds. In addition, he said that the engine stalled several times, and that for these reasons, he had only proceeded as far as Glenwood Avenue on Highway No. 100, one-quarter mile north of Highway No. 12, when he was found stalled by a police officer about 11 a. m. In contrast, the police officer testified that the accident occurred at approximately 11 a. m. at the point where the employee was found by the officer on Highway No. 100, headed north near Glenwood Avenue, in the opposite direction from the intended jobsite.

The compensation judge found for Townsend and on appeal the board, in a 2-1 decision, reversed. The sole issue on appeal is whether, upon the entire record, this decision is supported by substantial evidence.

Whether this accident occurred while the employee was within the course of employment or during a personal errand turns on the fact question of the time and location of the occurrence. In Norby v. Arctic Enterprises, Inc. 305 Minn. 519, 521, 232 N. W. 2d 773, 775 (1975), this court described its function on review as follows:

"Such a determination by the Workmen's Compensation Commission is a finding of fact. It is a basic proposition of law that findings of the commission on fact questions are entitled to very great weight; we will not review them unless a consideration of the evidence and the permissible inferences drawn therefrom compel or require reasonable minds to adopt a contrary conclusion. Thus, where the commission's findings and decision are supported by substantial evidence, we will not retry the merits of the issue, but will affirm the decision reached below."

The United States Supreme Court in Universal Camera Corp. v. N.L.R.B. 340 U. S. 474, 496, 71 S. Ct. 456, 469, 95 L. ed. 456, 472 (1951), recognized:

"* * * [E]vidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimony. The significance of his report, of course, depends largely on the importance of credibility in the particular case."

Where, as here, a dissenting member of the board agrees with the compensation judge, there may be further reason to doubt the substantiality of the evidentiary support for the majority's position. N.L.R.B. v. Ohio Calcium Co. 133 F. 2d 721, 724 (6 Cir. 1943). Nevertheless, the board may reverse the compensation judge even on question of credibility. Cf. F.C.C. v. Allentown Broadcasting Corp. 349 U. S. 358, 364, 75 S. Ct. 855, 859, 99 L.

ed. 1147, 1154 (1955); Andrews v. Hoss, 286 Minn. 514, 174 N. W. 2d 134 (1970).

There is substantial evidence here to support the board's decision, including (1) the manifest implausibility of the employee's story that it took 3 hours to travel a relatively short distance on Highway No. 100 after the accident, and (2) employee's lack of credibility on other matters.

Affirmed.