BOOTH, Judge.
This cause is before us on appeal of an order awarding temporary disability benefits, payment of medical bills, and costs. The basic issue is whether claimant’s accident, which occurred after she left the employer’s premises to get a hamburger, was covered within the scope of her employment. Claimant alleged compensability, arguing that the employer had promised her a meal but failed to make it available, and that knee pain from a prior compensable injury forced her to drive to McDonald’s instead of walking to a cafeteria within the hospital complex where she worked.
The judge of compensation claims accepted this argument as sufficient to overcome appellant’s defenses of independent intervening cause and substantial deviation *946 from employment. For the following reasons, we reverse.
Claimant is a nurse who had suffered prior work injuries to her knees and was recovering from them at the time of the instant accident. She had recently returned to work at the same time that the employer instituted a new program providing discount meals for employees. Although claimant had used the program pri- or to the date of accident, she was apparently unsure of how to fill out the sign-up form. On the date in question, she had signed up for a meal but failed to specify which of two available meal choices she wanted.
Claimant left her station 15 minutes before her break was scheduled to begin and asked for her meal. She testified that her knees were aching and that she needed to rest them, and hoped to do so while eating. Due to a mix-up resulting at least in part from claimant’s failure to fill out the form properly, the meal she wanted was not available. A kitchen helper told her that a portion of the other meal was available. Claimant rejected it and did not ask the cook to fix the other meal.
Instead, claimant left the employer’s premises. She did so'without clocking out and took with her the key to the narcotics safe. This key was the only one giving immediate access to necessary medications for the 26 patients in claimant’s care. She intended to drive to a nearby McDonald’s, but was hit by an intoxicated driver before she completed her trip.
The record reflects that at the time claimant arrived for her meal, the kitchen had been cleaned up, but the cook was still on shift. The cook testified that she was available to prepare a meal for claimant. The judge of compensation claims rejected this testimony because the kitchen had already been cleaned up, and he believed, incorrectly, that the meals had been entirely “removed” by the time claimant arrived.
In Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA 1987), review denied, 513 So.2d 1062 (Fla.1987), this court held that a judge of compensation claims does not have the right to reject uncontradicted testimony where the credibility of the person testifying was not otherwise impeached. The record before us does not support the judge’s conclusion that the cook’s testimony that she was available was contradicted by her having cleaned up the kitchen. The judge erred in finding that the departure and accident were a direct and natural result of the prior compensable injury because, under the circumstances, the absent meal and aching knees did not force appellant to go to McDonald’s. She simply could have asked the cook to fix the desired meal.
Appellants also argue correctly that claimant’s departure was a significant, substantial deviation sufficient to take the accident outside the course and scope of employment. Claimant took her break early, did not have permission to leave, and, in particular, did not have permission to leave with the narcotics key. Under these circumstances, substantial deviation from employment was established. Times Publishing Company v. Walters, 382 So.2d 720 (Fla. 1st DCA 1980); compare Holly Hill Fruit Products, Inc. v. Krider, 473 So.2d 829 (Fla. 1st DCA 1985).
The order below is reversed and remanded with directions to deny the requested benefits.
JOANOS and MINER, JJ., concur.