■ In the Matter of the Claim of MAXINE McCOY, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [613 NYS2d 476] —White, J. Appeal from a decision of the Workers' Compensation Board, filed October 5, 1992, which denied claimant's claim for death benefits.

Claimant's decedent was employed by the New York City Housing Authority as a glazier assigned to work between 8:00 A.M. and 4:30 P.M. at the Wyckoff Garden project, a complex of three apartment buildings located on Nevins Street in Brooklyn. Decedent worked in all three buildings, but because they were in close proximity and a fence surrounded the entire project, decedent did not have to go outside the fenced-in area as he walked from building to building. On September 7, 1983, at about 1:50 P.M., decedent sustained fatal injuries in an automobile accident that occurred at the intersection of Nevins and Butler Streets, about a block away from Wyckoff Gardens. The Workers' Compensation Law Judge awarded claimant death benefits, finding that decedent had sustained an accident in the course of his employment and that his death resulted therefrom, and the Workers' Compensation Board affirmed. The full Board, however, rescinded the deci-

sion and restored the case to the trial calendar for further development of the record. The Board subsequently disallowed the claim, finding that there was no evidence to establish that the fatal accident arose out of and in the course of decedent's employment.

Although decedent was working on September 7, 1983 and thus within the course of his employment, we find the Board's decision to be supported by substantial evidence. To be compensable the injury must be a natural consequence of the employee's duties before it can be said to arise out of employment, and there must be a causal relationship between the accident and the employment *(Matter of Lemon v New York City Tr. Auth.,* 72 NY2d 324). Our holding is predicated on the fact that there is no causal connection between the automobile accident and decedent's employment because he did not have to use a car in the performance of his duties *(see, Matter of Cooley v Heaney Co.,* 249 NY 395; *Matter of Maltese v New York State Criminal Ct.,* 176 AD2d 397). Moreover, the record provides no explanation for decedent's presence during working hours in an automobile that was traveling away from his work site. We further find that, because decedent had a fixed place of employment, the Board's finding that he was not an outside worker is also supported by substantial evidence *(see, Matter of Panzica v Ransom Oaks,* 71 AD2d 733; *Matter of Martino v Dynamics Print. Corp.,* 33 AD2d 609; 1 Larson, Workmen's Compensation § 16.02). Lastly, we have considered claimant's other arguments and found them unpersuasive. Therefore, we affirm the Board's decision.

Cardona, P. J., Mikoll, Weiss and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.