JAMES D. DARNELL, APPELLANT, V. KN ENERGY, INC., APPELLEE.
586 N.W. 2d 484

Filed November 24, 1998.    No. A-98-178.

T. J. Hallinan, of Cobb & Hallinan, P.C., for appellant.

Jay L. Welch, of Welch & Wulff, for appellee.

HANNON and MUES, Judges, and NORTON, District Judge, Retired.

MUES, Judge.

## INTRODUCTION

James D. Darnell appeals the decision of the Workers' Compensation Court finding that his injuries did not arise during the course and scope of his employment and dismissing his claim for workers' compensation.

## BACKGROUND

James D. Darnell began working for KN Energy, Inc., in 1962. On the date in question, December 19, 1994, Darnell was the district manager of KN Energy's Hastings office. At about 3 p.m. on December 19, Darnell left the office to make a business deposit at City National Bank (CNB). CNB is located approximately three blocks directly west of the office.

After leaving CNB, Darnell traveled north approximately five blocks, intending to make a personal deposit at his bank, Norwest. Norwest is located on the west side of the street, and Darnell had to stop and wait for traffic before making his left-hand turn. While waiting for traffic, Darnell's vehicle, a company-owned car, was struck from behind, and he was injured.

Darnell filed a petition in the Workers' Compensation Court on December 17, 1996, alleging that his injuries occurred during the course and scope of his employment, and seeking to recover benefits under the Nebraska Workers' Compensation Act. See Neb. Rev. Stat. § 48-122 (Reissue 1993).

A hearing was held July 10, 1997, and on September 23, the trial court issued an order dismissing Darnell's petition. In its order, the court determined that Darnell's trip involved both a personal and business purpose. The court further determined that because the accident occurred during a deviation from the

business purpose, Darnell was not acting within the course and scope of his employment. The Workers' Compensation Court review panel affirmed the dismissal. Darnell timely appeals.

## ASSIGNMENT OF ERROR

Darnell's sole assignment of error is that the trial court erred in failing to find that the accident occurred within the course and scope of his employment.

## STANDARD OF REVIEW

In determining whether to affirm, modify, reverse, or set aside the judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the single judge who conducted the original hearing. *Anderson v. Omaha Pub. Sch. Dist.*, 254 Neb. 1007, 581 N.W.2d 424 (1998).

Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Crouch v. Goodyear Tire & Rubber Co.*, 255 Neb. 128, 582 N.W.2d 356 (1998).

If the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court, an appellate court is precluded from substituting its view of the facts for that of the Workers' Compensation Court. *Starks v. Cornhusker Packing Co.*, 254 Neb. 30, 573 N.W.2d 757 (1998).

Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own determinations. *Gaston v. Appleton Elec. Co.*, 253 Neb. 897, 573 N.W.2d 131 (1998).

## DISCUSSION

*Dual Purpose Doctrine.*

The dual purpose doctrine was adopted by the Nebraska Supreme Court in *Jacobs v. Consolidated Tel. Co.*, 237 Neb. 772, 775, 467 N.W.2d 864, 866-67 (1991) (quoting *Matter of Marks v. Gray*, 251 N.Y. 90, 167 N.E. 181 (1929)), where the court explained the doctrine, stating:

> [I]f an employee is injured in an accident while on a trip which serves both a business and a personal purpose, the injuries are compensable as arising out of the course and

scope of employment provided the trip involves some service to be performed on the employer's behalf which would have occasioned the trip, even if it had not coincided with the personal journey. . . .

. . . "If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own . . . . If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose though the business errand was undone, the travel is then personal, and personal the risk."

In the present case, the trial judge determined that "the overall trip in which [Darnell] was involved served both a business and personal purpose since the service to be performed on the employer['s] behalf occasioned the trip in the first place." The record supports this finding, and the parties do not dispute this finding. However, the determination that Darnell's accident occurred during a business trip does not end our inquiry. Once a trip is labeled as a business trip, it must be determined whether the accident in question occurred during a deviation from the business purpose. *Kraus v. Jones Automotive, Inc.*, 3 Neb. App. 577, 529 N.W.2d 108 (1995) (citing 1 Arthur Larson & Lex K. Larson, The Law of Workmen's Compensation § 19.10 (1994)).

*Deviation From Business Trip.*

" 'Where an employee deviates from the scope of his employment for purposes of his own, he is regarded as being outside the scope of his employment until he has returned either to the point of deviation from the path of duty, or to a point where in the performance of duty he is required to be. * * * Where an employee has returned to the point of deviation and engages in the duties of his employment, or engages in acts reasonably incidental to his employment, which, but for the deviation, would have been performed, although at an earlier time, he is within his employment and the coverage of the Workmen's Compensation Act.' "

*Kraus v. Jones Automotive, Inc.*, 3 Neb. App. at 585, 529 N.W.2d at 114 (quoting *Murphy v. Hi-Way G.M.C. Sales & Service Corp.*, 178 Neb. 397, 133 N.W.2d 595 (1965)). See, also, *Reynolds v. School Dist. of Omaha*, 236 Neb. 508, 461 N.W.2d 758 (1990); *Gibb v. Highway G.M.C. Sales & Service Corp.*, 178 Neb. 127, 132 N.W.2d 297 (1964); *McNaught v. Standard Oil Co.*, 128 Neb. 517, 259 N.W. 517 (1935).

In his treatise on workers' compensation, Professor Arthur Larson stated: "When an employee deviates from the business route by taking a side-trip that is clearly identifiable as such, the employee is unquestionably beyond the course of employment while going away from the business route and toward the personal objective . . . ." 1 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 19.31 at 4-107 (1998).

Darnell concedes that he deviated from the business route but argues that it was a "minor" deviation and that thus the court erred in determining that he was outside the course and scope of his employment at the time of the accident. In support of this argument, Darnell directs our attention to testimony that he did not always take the most direct route back to the office. At trial, he was asked what route he would have taken back to the office if he had not gone to Norwest, his bank. He testified, "The bank, City Bank, to Burlington, from Burlington to Fourth, and, you know, sometimes to Seventh . . . ." The office is located on Third Street, a westbound one-way street, and is approximately three blocks east of Burlington Avenue, a main street running north and south. Fourth Street is an eastbound one-way street. CNB is located at Third Street and Burlington. Norwest is located on Burlington at approximately Eighth Street. This is the point where the accident occurred.

In its opinion, the trial court found that Darnell's testimony suggesting that he sometimes chose a route back to the office that took him close to the location of the accident in question was not credible. Accordingly, the trial court concluded that Darnell was outside the course and scope of his employment at the time of the accident because he had deviated from his business purpose and was on a clearly identifiable side trip. The Workers' Compensation Court, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be

given their testimony. *Kerkman v. Weidner Williams Roofing Co.*, 250 Neb. 70, 547 N.W.2d 152 (1996); *Toombs v. Driver Mgmt. Inc.*, 248 Neb. 1016, 540 N.W.2d 592 (1995). The record supports the trial court's findings. Darnell's only purpose in proceeding to Norwest was to deposit a check in his personal account. The route Darnell had to take in order to make his personal deposit was approximately four blocks north of the most direct route to the office.

Darnell also relies heavily on *Jacobs v. Consolidated Tel. Co.*, 237 Neb. 772, 467 N.W.2d 864 (1991). There, the plaintiff, an employee of Consolidated Telephone Company, traveled from his home in Mullen, Nebraska, to conduct business in Lincoln, Nebraska. The plaintiff's route took him through Grand Island. After concluding his business in Lincoln, the plaintiff began his journey home. While passing through Grand Island, the plaintiff was injured in an automobile accident.

The plaintiff filed a claim for workers' compensation benefits. At the one-judge hearing, evidence was presented that the plaintiff had intended to stop in Grand Island to look at trucks for his employer, as well as to run a personal errand. The Workers' Compensation Court found in favor of the plaintiff, and the defendant appealed. On appeal, the Nebraska Supreme Court held: "While plaintiff did plan to stop in Grand Island with the intention of looking at trucks for his employer, as well as to run a personal errand, this cannot be characterized as a wide departure from the route whereon his employer's business was to be conducted." *Jacobs v. Consolidated Tel. Co.*, 237 Neb. at 778, 467 N.W.2d at 868.

Darnell relies heavily upon the Supreme Court's use of the phrase "cannot be characterized as a wide departure." We have carefully reviewed the entire opinion, and there is nothing in the Supreme Court's analysis that either expressly or implicitly overrules the cases discussed above which held that once an employee deviates from the business route, the employee is outside the course and scope of his or her employment.

For all of the foregoing reasons, we find that the trial judge's finding that Darnell was not acting within the course and scope of his employment when he deviated from the business trip to conduct personal business is not clearly wrong.

*Practice Caution.*

■ The bill of exceptions in this case contained 41 exhibits. The exhibits, consisting of numerous pages of looseleaf paper, were tossed unbound into two envelopes and marked "Exhibit Volume II" and "Exhibit Volume III." Our rules require that exhibits be bound and placed in the bill of exceptions in the manner specified. See, Neb. Ct. R. of Prac. 5B(6)c (rev. 1996); *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991). Because the analysis required to resolve this present appeal did not require a detailed study of the exhibit portion of the bill of exceptions, it is unnecessary that we at this time take any action for the failure to have submitted a bill which complies with our rules. See *id.* However, we caution that a document entitled "bill of exceptions," but which is not prepared in accordance with our rules, is not such a bill and that the filing of an improperly prepared document in the nature of a bill of exceptions may result in a case being treated as if no bill had been filed. See *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), *overruled on other grounds, O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998).

## CONCLUSION

The evidence supports the trial court's findings that Darnell was on a personal deviation at the time the accident occurred. Accordingly, the decision of the trial court dismissing Darnell's petition for workers' compensation benefits is affirmed.

AFFIRMED.