2001 ME 100

Timothy COX

v.

**COASTAL PRODUCTS
COMPANY, INC.**

Supreme Judicial Court of Maine.

Argued: Jan. 9, 2001.
Decided: July 2, 2001.

Alexander F. McCann, Esq., (orally), James J. MacAdam, Esq., MacAdam McCann, South Portland, for employee.

Troy M. McLain, Esq., (orally), MEM-IC, Portland, for employer.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Coastal Products Company, Inc. appeals from the decision of a hearing officer of the Workers' Compensation

Board awarding workers' compensation benefits to Timothy Cox for an injury sustained while driving a company vehicle. Coastal Products contends that the injury occurred during a nonwork-related deviation from employment and is therefore noncompensable. We disagree and affirm.

[¶ 2] Coastal Products is located in Westbrook and manufactures and distributes bottled chemical cleaning products. Timothy Cox, age twenty-two at the time of the injury, was an employee of Coastal Products. Cox had received prior permission from Coastal Products to leave work early on the afternoon of June 8, 1998, to sign papers for the purchase of a vehicle for his personal use. Cox arranged for his father to pick him up at work at 2:30 P.M. and take him to the automobile dealership in Windham to sign the papers.

[¶ 3] On the afternoon of the June 8, Coastal Products received an order to deliver a five-gallon drum of chemical cleaner to Smiling Hill Farms. Mooney instructed Cox to make the delivery in the company pickup truck, and told Cox that he could then proceed in the company truck to Windham to sign for the purchase of his vehicle. Cox was instructed to return the pickup truck to Coastal Products after completing his personal errand, and to return to work for the remainder of the evening.

[¶ 4] Cox testified that had he not intended to purchase the car that afternoon, his supervisor, Michael Mooney, would have made the delivery and Cox would have remained at Coastal Products. Mooney testified, however, that, because it was an unusually busy day and because Cox was not qualified to do Mooney's job as supervisor of the plant, "it made sense" to send Cox to make the delivery. The company pickup truck was the personal vehicle of Coastal Product's owner, Herb Pressman. Mooney was unaware that Cox had driven the company truck on only one prior occasion, and that Pressman had become so alarmed at Cox's inability to drive the manual transmission vehicle that he had forbidden Cox from driving the truck again.

[¶ 5] Cox left Coastal Products in the pickup truck at 3:15 P.M. and made the delivery at Smiling Hill Farms at around 4:00 P.M. The Windham auto dealership is several miles from Coastal Products in the opposite direction from Smiling Hill Farms. Cox drove back to Westbrook on the same road that he had taken to Smiling Hill Farms, but, when in Westbrook, Cox turned away from Coastal Products and proceeded in the direction of the auto dealership in Windham.

[¶ 6] Cox was involved in a car accident shortly after leaving Westbrook and was seriously injured, suffering internal injuries and multiple broken bones. Cox filed petitions with the Workers' Compensation Board seeking incapacity benefits and payment of medical expenses.

[¶ 7] The Workers' Compensation Act provides compensation for injuries that "aris[e] out of and in the course of employment." 39–A M.R.S.A. § 201(1) (2001). In granting Cox's petitions, the hearing officer applied the "dual purpose" doctrine, whereby an employee's injury may be deemed work-related for purposes of subsection 201(1) if it occurs during a trip that serves both a personal and a business purpose. The hearing officer found, in part:

> If Mr. Cox had been involved in the collision on his way to or back near the plant from making the delivery, the Board must assume that this case would not have required testimony. The only complicating fact is that Mr. Cox actually sustained the injury while he was engaged on personal business. But the fact that Mr. Cox was only allowed to engage in that personal business that

day because he first made the delivery for the employer and the fact that the trip as a whole was authorized by the employer and required the use of the employer's vehicle, establish that the injury Mr. Cox sustained was compensable.

. . .

. . . The business aspect of the trip predominated; indeed, the personal aspect of the trip would never have taken place that day if [the employer] had not agreed with and endorsed Mr. Cox's suggestion that the latter undertake the delivery and then continue to do the personal part of the trip. Whether or not Mr. Cox signed the papers for his car that day, someone from the employer would have made the delivery that Mr. Cox himself made.

The hearing officer denied Coastal Products' motion for further findings of fact, and we granted its petition for appellate review pursuant to 39–A M.R.S.A. § 322 (2001).

[¶ 8] In *Comeau v. Maine Coastal Servs.*, 449 A.2d 362 (Me.1982), we articulated a nonexclusive eight-factor work-relationship analysis applicable "when the fact pattern of a case does not fall snugly within the arising out of and in the course of employment requirement." *Comeau*, 449 A.2d at 367. Pursuant to *Comeau*, the hearing officer should consider:

(1) Whether at the time of the injury the employee was promoting an interest of the employer or the activity of the employee directly or indirectly benefited the employer. . . .

(2) Whether the activities of the employee work to the benefit or accommodate the needs of the employer. . . .

(3) Whether the activities were within the terms, conditions or customs of the employment, or acquiesced in or permitted by the employer. . . .

(4) Whether the activity of the employee serves both a business and personal purpose, or represents an insubstantial deviation from the employment. . . .

(5) Whether the hazard or causative condition can be viewed as employer or employee created. . . .

(6) Whether the actions of the employee were unreasonably reckless or created excessive risks or perils. . . .

(7) Whether the actions of the employee incidental to the employment were prohibited by the employer either expressly or implicitly. . . .

(8) Whether the injury occurred on the premises of the employer. . . .

*Comeau*, 449 A.2d at 367 (citations omitted).

[¶ 9] As we have stated, the eight *Comeau* factors are not intended to provide a "dispositive checklist" of factors relevant to the work-connection test, nor were the *Comeau* factors intended to completely displace traditional work-relationship analyses, such as the so-called "dual purpose" or "deviation" doctrines. *See, e.g., Moreau v. Zayre Corp.*, 408 A.2d 1289, 1293 (Me. 1979). Indeed, the dual purpose and deviation doctrines are expressly included in the fourth factor of the *Comeau* analysis. *Comeau*, 449 A.2d at 367.

[¶ 10] The dual purpose doctrine has been articulated as follows:

[W]hen a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of the failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to

be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey. 1 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW, § 16.02 (2000) (footnotes omitted). The dual purpose test does not require that the business purpose be the "dominant purpose" for the trip, however, because "if the permission to take a personal trip is made conditional on the performance of a business errand, the trip becomes a business trip." *Id.* § 16.06.[1]

■ [¶ 11] The dual purpose doctrine does not apply, however, when the injury occurs during an identifiable "deviation" from the business trip. Pursuant to the deviation doctrine, "[w]hen an employee deviates from the business route by taking a side-trip that is clearly identifiable as such, the employee is unquestionably beyond the course of employment while going away from the business route and toward the personal objective...." *Id.* § 17.03(1).

■ [¶ 12] Coastal Products contends that, at the time of the injury, Cox had completed the business portion of the trip, had returned to the vicinity of his workplace, and was proceeding on a separate, second trip, in the opposite direction from Coastal Products, for the sole purpose of performing a personal errand. Were we to agree with Coastal Products that the entire excursion, from when Cox left Coastal Products in the company truck to the place of the accident, were two separate trips, we might conclude that the hearing officer's decision was error. Our review of a hearing officer's application of the *Comeau* factors, however, is highly deferential.[2] As we stated in *Comeau*, the hearing officer need not reach the "correct" conclusion, but only a conclusion that is "neither arbitrary nor without rational foundation." *Comeau*, 449 A.2d at 368.

■ [¶ 13] The hearing officer rationally concluded that, in the unique facts of the present case, the necessity of driving the company vehicle at the request of Coastal Products to first perform a business errand, and then to complete a personal errand resulted in a single trip rather than two trips as Coastal Products contends. The hearing officer rationally may have also concluded that, were it not for the necessity of accommodating his employer and performing a business errand, the employee would have been given a ride by his father in his father's vehicle and would have avoided the necessity of driving the manual transmission pickup truck, which, as the owner (but not the supervisor) was aware, was difficult for him to drive. Although the evidence would support the hearing officer's coming to a different conclusion, we cannot say that the hearing

1. Professor Larson states:

    [I]t is not necessary, under this formula, that, on failure of the personal motive, the business trip would have been taken *by this particular employee at this particular time.* It is enough that someone sometime would have had to take the trip to carry out the business mission. Perhaps another employee would have done it; perhaps another time would have been chosen; but if a special trip would have had to be made for this purpose, and if the employer got this necessary item of travel accomplished by

    combining it with this employee's personal trip, it is accurate to say that it was a *concurrent cause of the trip,* rather than an incidental appendage or afterthought.
    1 ARTHUR LARSON & LEX K, LARSON, LARSON'S WORKERS' COMPENSATION LAW, § 16.03 (2000) (footnotes omitted).

2. The hearing officer in the present case appears to have considered *Comeau.* The hearing officer stated: "Insofar as t[he *Comeau* factors] apply to the present facts, they are consistent with the analysis set forth above."

officer's conclusion is impermissible or clearly erroneous. *See Knox v. Combined Ins. Co. of Am.*, 542 A.2d 363, 366 (Me. 1988) (in cases involving whether an injury arises out of and in the course of employment, different factfinders may decide similar cases differently).

The entry is:

Decision of the Workers' Compensation Board affirmed.

DANA, J., dissenting.

[¶ 14] I respectfully dissent.

[¶ 15] If Timothy Cox had asked to borrow the company truck to drive to Windham on a personal errand, no state would award workers' compensation benefits for his injuries just because he had permission to drive the company truck. The result should be no different merely because immediately prior to the accident Cox had successfully and without accident completed a business delivery to a customer in the opposite direction.

[¶ 16] The hearing officer and the Court reached an opposite result by viewing the business and personal errands as one interconnected trip and then misapplying the "dual purpose" doctrine, which permits a recovery when an employee is not on a strictly personal deviation from a trip with both business and personal objectives.

[¶ 17] As the Court notes, it is hornbook law that "[w]hen an employee deviates from the business route by taking a side-trip that is clearly identifiable as such, the employee is unquestionably beyond the course of employment while going away from the business route and toward the personal objective...." 1 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW, § 17.03 (2000). Professor Larson collects twenty cases from fifteen jurisdictions applying this principle.[3] *Id.* This case stands alone in opposition.

---

3. *See, e.g., Havelin v. Poole Truck Lines, Inc.*, 395 So.2d 75 (Ala.Civ.Ct.App.1980); *Harris v. Indus. Comm'n*, 72 Ariz. 197, 232 P.2d 846 (1951); *Cagle v. Gladden–Driggers Co.*, 222 Ark. 517, 261 S.W.2d 536 (1953); *Harding v. City of Texarkana*, 62 Ark.App. 137, 970 S.W.2d 303 (1998); *Boulevard Manor Nursing Home v. Lacombe*, 557 So.2d 945 (Fla.Dist.Ct. App.1990); *Sunshine Jr. Food Stores, Inc. v. Thompson*, 409 So.2d 190 (Fla.Dist.Ct.App. 1982); *Lockwood v. Bd. of Trustees, Speedway Methodist Church*, 144 Ind.App. 430, 246 N.E.2d 774 (1969); *Danos v. Great Acceptance Corp.*, 261 So.2d 339 (La.Ct.App.1972); *Belyea's Case*, 355 Mass. 721, 247 N.E.2d 372 (1969); *Townsend v. Nelson*, 308 Minn. 374, 242 N.W.2d 607 (1976); *Williams v. Hoyt Constr. Co.*, 306 Minn. 59, 237 N.W.2d 339 (1975); *McDaniel v. Ritter*, 556 So.2d 303 (Miss.1989); *Wilson Furniture Co. v. Wilson*, 237 Miss. 512, 115 So.2d 141 (1959); *Dowdle & Pearson, Inc. v. Dependents of Hargrove*, 222 Miss. 64, 75 So.2d 277 (1954); *Evans v. Consumer Programs, Inc.*, 849 S.W.2d 183 (Mo.Ct. App.1993); *Dale v. Trade Street, Inc.*, 258 Mont. 349, 854 P.2d 828 (1993); *Darnell v. KN Energy, Inc.*, 7 Neb.App. 929, 586 N.W.2d 484 (1998); *Martino v. Dynamics Printing Corp.*, 33 A.D.2d 609, 304 N.Y.S.2d 577 (1969); *State v. Russo*, 155 Ohio St. 341, 98 N.E.2d 830 (1951); *Liberty Mut. Ins. Co. v. Preston*, 399 S.W.2d 367 (Tex.Civ.Ct.App. 1966).