2006 ME 71

**Robyn D. FOURNIER**

v.

**AETNA, INC., et al.**

Supreme Judicial Court of Maine.

Argued: April 12, 2006.
Decided: June 16, 2006.

Sheldon J. Tepler, Esq. (orally), Hardy Wolf & Downing, P.A., Lewiston, for employee.

John H. King Jr., Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for employer.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Aetna, Inc. appeals from a decision of a Workers' Compensation Board hearing officer (*Pelletier, HO*) affording protection of the Act to Robyn D. Fournier. Fournier was injured when returning to work at the end of her lunch break. She slipped and fell on the outside staircase that leads to the back entrance of the office building where Aetna leases space. Aetna contends that the hearing officer erred in determining that the injury arose out of and in the course of Fournier's employment. We disagree, and affirm.

## I. BACKGROUND

[¶ 2] Fournier is employed by Aetna in its offices at One Monument Square, a ten-story office building in Portland. Aetna leases space on the second through fifth floors of that building; it neither owns nor maintains the building. Pursuant to the lease, the landlord is responsible for "reasonable removal of ice, snow and debris from the outside Common Areas, including, but not limited to, walkways and other paved surfaces."

[¶ 3] On January 7, 2002, Fournier left the building to take her half-hour, unpaid lunch break. When returning from lunch, she slipped and fell on the outside stairs leading to the back entrance of the building. The stairway was one of two that lead to entrances to the building. The weather was bad, and snow and ice had accumulated on the stairs. Fournier injured her knee and may have aggravated a preexisting back injury.[1]

[¶ 4] The hearing officer determined that because the outside staircase is part of the common area of the office building, the injury occurred on Aetna's premises, and even though she was returning to work from her lunch break at the time, her injury arose out of and in the course of employment. Aetna filed a petition for

---

1. Because the only issue presented for decision was whether the injury is compensable pursuant to the Act, the parties stipulated that Fournier was injured, and did not litigate other potential issues in the case.

appellate review, which we granted pursuant to 39–A M.R.S. § 322 (2005).

## II. DISCUSSION

■■■ [¶ 5] We accord deference to decisions of the Workers' Compensation Board addressing whether an injury is compensable pursuant to the Act. *Cox v. Coastal Prods. Co., Inc.,* 2001 ME 100, ¶ 12, 774 A.2d 347, 350; *Moore v. Pratt & Whitney Aircraft,* 669 A.2d 156, 158 (Me. 1995). Because the facts in this case are not in dispute, our role on appeal is "limited to assuring ... that [the] decision involved no misconception of applicable law and that the application of the law to the facts was neither arbitrary nor without rational foundation." *Id.* (quotation marks omitted).

### A. "Going and Coming" Rule

■■■ [¶ 6] Aetna contends that Fournier is not entitled to workers' compensation benefits because her case falls within the "going and coming" rule. A well-established workers' compensation principle, the "going and coming rule," or the "public street" rule, provides "that an accident occurring off the employer's premises while an employee is merely on his way to or from his place of business is not, without more, compensable." *Waycott v. Beneficial Corp.,* 400 A.2d 392, 394 (Me.1979). We have explained the rationale for the rule as follows:

> [I]t has at various times been stated that such an injury does not "arise out

of" the employment, or that it does not occur "in the course of" the employment, or both. Whether stated that in going and coming to work an employee is "exposed to the same hazards, and no more, as other members of the travelling public," or that while outside the business premises and not engaged in any work-related activity an employee is not within the spatiotemporal boundaries of employment, the rule is ultimately grounded in the notion that there is an insufficient connection with the employment context to warrant compensation for an injury occurring in such circumstances.

*Id.* (citations omitted).[2]

■■■ [¶ 7] In *Waycott,* we held that an off-premises injury sustained during lunchtime is subject to the going and coming rule. *Id.* at 394–95. In that case, the employee had driven from her office to an off-site establishment for lunch. *Id.* at 393. After she parked and exited her car, she slipped and fell on the sidewalk and was injured. *Id.* The Commission awarded her workers' compensation benefits, and the employer appealed. *Id.* We vacated that decision, reasoning as follows:

> We perceive no reason why an off-premises injury sustained during lunchtime should not be subject to the public street rule and its exceptions. When an employee is going to or coming from work, as when he is lunching off premises, he is not exposed to any different risk than

2. We have recognized several exceptions to the rule, which are not applicable to this case. *See Cox v. Coastal Prods. Co., Inc.,* 2001 ME 100, ¶¶ 10, 11, 774 A.2d 347, 349–50 ("dual purpose" exception applies when a trip serves both business and private purposes); *Moreau v. Zayre Corp.,* 408 A.2d 1289, 1293 (Me.1979) (exception for employee traveling to obtain medical treatment for prior work injury); *Abshire v. City of Rockland,* 388 A.2d 512, 514–15 (Me.1978) ("special errand" exception ap-

plies to journeys made at the request of the employer); *Oliver v. Wyandotte Indus. Corp.,* 308 A.2d 860, 863 (Me.1973) ("special hazard" exception applies when the risks of employment carry over after the employee has entered the public way); *Brown v. Palmer Constr. Co., Inc.,* 295 A.2d 263, 266–67 (Me. 1972) ("traveling employee" exception applies when "the injury has its origin in a risk created by the necessity of sleeping and eating away from home").

that of the public generally. In both situations, the time is the employee's to do with as he wishes. In neither case is the employee promoting any interest of the employer nor is he subject to any constraints or control on his freedom of movement. In short, it cannot meaningfully be said that such an injury arises out of and is in the course of the employment.

*Id.* at 394–95. Accordingly, "absent extenuating circumstances," an injury sustained off the employer's premises during lunchtime does not constitute an injury arising out of and in the course of employment. *Id.* at 393.

[¶ 8] Aetna contends that pursuant to *Waycott,* Fournier's lunchtime injury is not within the coverage of the Act. In *Waycott,* however, we also recognized that injuries occurring *on the employer's premises* during a lunch break may be compensable. *Id.* at 395. We stated:

> [W]here the claimant reaches the premises and is then injured, or where the claimant is injured on the premises during lunchtime, the injury may be compensable. Although this distinction as to where an injury occurs could appear at first blush to be arbitrary, some line must be drawn if an employer is not to be deemed an insurer from portal to portal, and the bright line of the employer's premises is as definite and reasonable as any that can be devised.

*Id.* (citations omitted); *accord* 1 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 13, at 13–1 (2005) ("As to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours or at lunchtime are compensable.").

[¶ 9] At issue, therefore, is whether the common staircase leading to the entrance of One Monument Square falls inside or outside "the bright line of the employer's premises." The majority rule, as stated in Professor Larson's treatise, would include a common staircase as part of the employer's premises even if the employer does not have control over the staircase:

> When the place of employment is a building, it is not necessary that the employer own or lease the place where the injury occurred. It is sufficient if the employer has some kind of right of passage, as in the case of common stairs, elevators, lobbies, vestibules, concourses, hallways, walkways, ramps, foot bridges, driveways, or passage ways through which the employer has something equivalent to an easement.

*Id.* § 13.04[3], at 13–44 to 13–45 (footnotes omitted). Some jurisdictions, however, require that the injury occur in an area over which the employer has control, rather than just a right of way. *See, e.g., Deseth v. Lenscrafters, Inc.,* 160 N.C.App. 180, 585 S.E.2d 264, 269 (2003) (deciding that injury suffered by employee of mall retailer in mall parking lot was not compensable because, *inter alia,* employer did not have control over the lot); *Ramos v. M & F Fashions, Inc.,* 154 N.J. 583, 713 A.2d 486, 490–91 (1998) (holding pursuant to New Jersey's workers' compensation statute, common area is part of premises only if employer had control over the area; employer had control over common freight elevator because it regularly used the elevator for business purposes and some employees used it for ingress and egress).

[¶ 10] Our decision in *Roberts' Case,* 124 Me. 129, 126 A. 573 (1924) is consistent with the majority rule. The employer in that case had obtained a right of way from a railroad company to use a roadway as the only means of ingress and egress for "teams or automobiles" to its plant. *Id.* at 130, 126 A. at 573. The roadway intersected railroad tracks thirty feet from the

employer's land. *Id.* The employee, having left the plant after he finished work, was killed when he was struck by a train on the roadway. *Id.* After reviewing the law of other jurisdictions, we determined that the employee's death was a compensable injury, stating:

> "[T]he course of ... employment" does not begin and end with the actual work he was employed to do, but covers the period between his entering his employer's premises a reasonable time before beginning his actual work and his leaving the premises within a reasonable time after his day's work is done and during the usual lunch hour, he being in any place where he may reasonably be in connection with his duties or entering or leaving the premises by any way he may reasonably select.

*Id.* at 131, 126 A. at 574. We considered it important in *Roberts' Case* that the employer had a right of way over the roadway, and that the roadway was the only means of ingress and egress from the plant. *Id.* at 132, 126 A. at 574; *see also Rioux v. Franklin County Mem'l Hosp.*, 390 A.2d 1059, 1060–61 (Me.1978) (holding injury occurring on roadway on employer's premises as employee left work not barred by public street rule, but nevertheless was not compensable because it did not arise out of employment).

[¶ 11] The hearing officer in the present case determined that the common staircase is part of Aetna's premises, citing the above-quoted passage from LARSON'S. The hearing officer further explained that if the injury had occurred on the sidewalk adjacent to the stairway, or while crossing the public street, he would have found that it did *not* occur on the premises and was not compensable.

[¶ 12] Aetna makes several arguments in support of its contention that the going and coming rule should apply, including that the hearing officer's decision defines the employer's premises too broadly; that it should not be held responsible for an injury occurring in an area that its landlord has the obligation to maintain; that the risk to which Fournier was exposed on the stairway did not differ from the risk to the public generally; and that the stairway was not the only means of entry into the building.

[¶ 13] We are not persuaded by Aetna's efforts to bring this case within the purview of the going and coming rule. The hearing officer's decision that the rule does not apply because the injury occurred on the employer's premises is consistent with our precedent, follows the majority rule, and constitutes a reasonable application of that rule. We cannot say that the decision involved any misconception of applicable law or that it lacks rational foundation.

### B. Arising out of and in the Course of Employment

[¶ 14] Having determined that Fournier's claim is not barred by the going and coming rule, we next consider whether her injury otherwise arose out of and in the course of her employment. 39–A M.R.S. § 201(1) (2005); *Rioux*, 390 A.2d at 1060 (stating that mere presence on the employer's premises is insufficient to make an injury compensable under Workers' Compensation Act).

[¶ 15] We discussed the parameters for resolving whether an injury arises out of and occurs in the course of employment in *Comeau v. Maine Coastal Services*, 449 A.2d 362, 365–67 (Me.1982), and more recently, in *Standring v. Town of Skowhegan*, 2005 ME 51, 870 A.2d 128. We noted that:

> [T]he term "in the course of" employment relates to the time, place, and circumstances under which an injury occurs, the place where the employee reasonably may be in performance of

the employee's duties, and whether it occurred while fulfilling those duties or engaged in something incidental to those duties. We then noted that the term "arising out of" employment means that there must be some causal connection between the conditions under which the employee worked and the injury, or that the injury, in some proximate way, had its origin, its source, or its cause in the employment. We further noted that the employment need not be the sole or predominant causal factor for the injury and that the causative circumstance need not have been foreseen or expected.

*Id.* ¶ 10, 870 A.2d at 130 (citations omitted). "We outlined a number of [nonexclusive] considerations that may be examined in determining whether a particular injury arises out of and in the course of employment," including:

(1) Whether at the time of the injury the employee was promoting an interest of the employer, or the activity of the employee directly or indirectly benefited the employer.

(2) Whether the activities of the employee work to the benefit or accommodate the needs of the employer.

(3) Whether the activities were within the terms, conditions or customs of the employment, or were acquiesced in or permitted by the employer.

(4) Whether the activity of the employee serves both a business and personal purpose, or represents an insubstantial deviation from the employment.

(5) Whether the hazard or causative condition can be viewed as employer or employee created.

(6) Whether the actions of the employee were unreasonably reckless or created excessive risks or perils.

(7) Whether the activities of the employee incidental to the employment were prohibited by the employer either expressly or implicitly.

(8) Whether the injury occurred on the premises of the employer.

*Id.* ¶ 10, 870 A.2d at 130–31 (quoting *Comeau*, 449 A.2d at 367).

[¶ 16] Considering the *Standring/Comeau* factors, the hearing officer decided that Fournier's injury was compensable because the "activity which led to the injury was an insubstantial deviation from her employment, violated no employer rules, was acquiesced or permitted by the employer, was not unreasonably reckless and created no excessive risks or perils."

[¶ 17] Aetna contends that the injury did not arise out of and in the course of employment because while on her lunch break, Fournier was not performing any employment-related task, she was not subject to any employer-imposed controls, and the risk posed by the icy steps was not related to her employment.

■ [¶ 18] Appellate review of a hearing officer's application of the *Comeau* test is highly deferential. *Moore*, 669 A.2d at 158. We have stated that the hearing officer "need not reach the 'correct' conclusion, but a conclusion that is 'neither arbitrary nor without rational foundation.'" *Morse v. Laverdiere's Super Drug Store*, 645 A.2d 613, 615 (Me.1994) (quoting *Comeau*, 449 A.2d at 368). The hearing officer gave due consideration to several of the factors we listed in *Comeau*, and reached the conclusion that the injury arose out of and in the course of employment. We cannot say that the decision is arbitrary or lacks a rational foundation.

The entry is:

The decision of the hearing officer of the Workers' Compensation Board is affirmed.